FIRST ILLINOIS BANK AND TRUST, Plaintiff-Appellee, v. RICHARD J. GALUSKA *et al.*, Defendants-Appellants.

First District (2nd Division) No. 1—92—0973

Opinion filed October 12, 1993.—Rehearing denied November 18, 1993.

Richard J. Galuska and Joy Lynn Galuska, both of LaGrange Park, appellants *pro se*.

Kamm & Shapiro, Ltd., of Chicago (Jeffrey S. Blumenthal, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

Defendants Richard J. Galuska and Joy Lynn Galuska appeal from the trial court's grant of summary judgment in favor of plaintiff First Illinois Bank & Trust entitling it to possession of their residence. Defendants urge on appeal that the circuit court erred in granting the motion because they had asserted multiple defenses to plaintiff's forcible entry and detainer action via affidavits which raised issues of fact material to the resolution of the case.

In late 1989, defendants' senior mortgagee, Bell Federal Savings, filed an action to foreclose on its mortgage and joined plaintiff, who held a mortgage on defendants' property subordinate to that of Bell

Federal. Plaintiff thereupon counterclaimed against defendants, seeking foreclosure of its mortgage as well. After an order of foreclosure was entered in favor of both mortgagees, defendants filed their notice of appeal from that ruling and also filed complaints in both State and Federal court, naming both mortgagees, alleging, *inter alia*, that they were defrauded and that the mortgages foreclosed upon were based on "voided bank checks."

In order to avoid a judgment sale of defendants' foreclosed residence and to secure a release of what plaintiff characterized as defendants' "frivolous claims" asserted in the State and Federal actions, plaintiff and defendants reached an agreement whereby plaintiff would satisfy the debt owed by defendants to the senior mortgagee, and in exchange, defendants would release their claims against plaintiff, which would lend defendants a sum sufficient to satisfy the combined loans. To secure this additional loan, repayable by defendants on June 1, 1991, they entered into a contract with plaintiff for a deed in lieu of foreclosure pursuant to which they delivered to plaintiff a warranty deed to their residence. No further reference is made in the record to this deed which, for some obscure reason, appears never to have been registered. When defendants failed to meet the June 1 deadline, they again filed suit against plaintiff, and again, according to plaintiff, in order to avoid the litigation expense of defendants' "nuisance" suits, it acquiesced in defendants' demand for additional time to retire the loan.

This new agreement was memorialized in a document entitled "Extension of Settlement Agreement" which is not of record, but which plaintiff, without objection by defendants, included as an appendix to its brief. Pursuant to this agreement, entered into by the parties on June 13, 1991, defendants conveyed their residence to a land trust naming plaintiff as trustee, and simultaneously directed plaintiff, as trustee, to convey the residence to an escrow agent. There was also a contemporaneous escrow agreement which is neither part of the record nor appended to a brief. Plaintiff contends, and defendants do not otherwise indicate, that under the escrow agreement, the escrowee was instructed to act at the direction of plaintiff if defendants' debt to it was not satisfied by August 15, 1991, but to act as instructed by defendants if they had paid the debt. At the hearing on the motion for summary judgment, defendants contested the validity of the purported escrow agreement, stating that the agreement they signed was not dated.

On June 19, 1991, the deed in trust, naming plaintiff as trustee of the trust impressed upon defendants' residence, was registered in

Torrens and, on July 31, 1991, Intercounty Title Company issued a title insurance policy on defendants' residence showing plaintiff in its capacity as trustee of the land trust as the titleholder of record. As of August 15, 1991, the extended date upon which defendants were to pay the amount owing, they had not yet remitted the amount due, but once again, by what we must presume was an oral agreement, plaintiff agreed to extend further the date of repayment an additional 30 days, *i.e.*, until September 14, 1991.

On September 5, 1991, defendant Joy Lynn Galuska, who by that time had become the sole beneficiary of the land trust, and, apparently, the sole holder of the power of direction, effected an amendment to the land trust agreement which directed the trustee to deal with the corpus of the trust only as authorized in a writing signed by her. Two officers of plaintiff acknowledged receipt of the amendment on September 6, 1991. Thereafter, on September 23, 1991, plaintiff registered the trustee's deed dated June 13, 1991, which presumably had been held by the escrowee pursuant to the parties' escrow agreement and which we also presume to be the deed by which the land trustee conveyed defendants' residence, free of the trust, to plaintiff in its corporate capacity qua bank.

After serving a demand on defendants and being refused, plaintiff filed a forcible entry and detainer action seeking immediate possession of the property. Defendants filed a series of motions in this matter, but when they finally answered the complaint, they denied plaintiff's right to possession and asserted a multitude of affirmative defenses.

Plaintiff then moved for summary judgment, whereupon defendants sought removal of this action to the United States District Court, which the court refused to grant, holding that it was without jurisdiction. As far as we know, defendants' appeal of that order is currently pending in the United States Court of Appeals for the Seventh Circuit. After being denied removal, defendants first filed a motion to strike plaintiff's summary judgment motion, arguing that the court should ignore the motion, and then replied to plaintiff's motion, attaching affidavits to their reply wherein they alleged that plaintiff's trustee's deed was fraudulently obtained; that the direction to convey dated June 13, 1991, had been altered; and that plaintiff as trustee conveyed the *res* of the trust without authority and in contravention of an amendment of the trust dated September 5, 1991, and acknowledged by plaintiff's agents as having been received on September 6, 1991. After hearing argument of the parties, the court granted summary judgment in favor of plaintiff without stating its basis for doing

so. Defendants filed multiple post-trial motions seeking reconsideration of the order; vacation of the order; an emergency motion for relief; and a motion to clarify the court's order. Finally, defendants filed their notice of appeal on March 16, 1992.

The parties to a forcible entry and detainer action, like other civil litigants, may avail themselves of a motion for summary judgment where the procedural device is appropriate. (See 7 C. Nichols, Illinois Civil Practice §7296, at 736 (rev. 1989); see also *Kitzer v. Rice* (1967), 90 Ill. App. 2d 72, 234 N.E.2d 115 (affirming grant of summary judgment in a forcible entry and detainer action); *Barrett v. Bender* (1948), 334 Ill. App. 135, 78 N.E.2d 832.) Summary judgment motions permit the trial court to determine whether any genuine issue of material fact exists in the action, and if not, to provide an expedient means of resolution. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 240, 489 N.E.2d 867, 871.) When deciding the motion, the trial court should construe all the evidence before it strictly against the movant. (*Reed v. Bascon* (1988), 124 Ill. 2d 386, 393, 530 N.E.2d 417, 420; *Purtill*, 111 Ill. 2d at 240, 489 N.E.2d at 871.) Our supreme court has warned that while summary judgments are to be encouraged in the interest of prompt disposition of lawsuits, they are a drastic measure. (*Bascon*, 124 Ill. 2d at 393, 530 N.E.2d at 420; *Purtill*, 111 Ill. 2d at 240, 489 N.E.2d at 871.) Consequently, trial courts should grant summary judgments only where the movant's right to judgment is so clear as to be free from doubt. *Bascon*, 124 Ill. 2d at 393, 530 N.E.2d at 420; *Purtill*, 111 Ill. 2d at 240, 489 N.E.2d at 871.

This court reviews the grant of summary judgment *de novo* (*Myers v. Health Specialists, S.C.* (1992), 225 Ill. App. 3d 68, 72, 587 N.E.2d 494, 497, *appeal denied* (1992), 145 Ill. 2d 635, 596 N.E.2d 630), and this standard is of particular significance "where the evidence consists mainly of documents" (*Polo National Bank v. Lester* (1989), 183 Ill. App. 3d 411, 414, 539 N.E.2d 783, 785), as is true in the case at bar.

■■ Since "[t]he general purpose of a forcible entry and detainer action is to adjudicate the parties' right to possession of the premises" (*General Parking Corp. v. Kimmel* (1979), 79 Ill. App. 3d 883, 886, 398 N.E.2d 1104, 1106), the only factual questions which need be answered in such a proceeding are which party is entitled to immediate possession and whether a defense which is germane to the distinctive purpose of the action defeats plaintiff's asserted right to possession. (Ill. Rev. Stat. 1991, ch. 110, par. 9—106; *Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 263 N.E.2d 833; *Rodriguez v. Owaynat* (1985), 137 Ill. App. 3d 1017, 485 N.E.2d 438.) In *Rosewood Corp.*,

our supreme court defined "germane matters" as those which are " 'closely allied,' and *** 'closely related; closely connected; relevant; pertinent; appropriate.' " *Rosewood Corp.*, 46 Ill. 2d at 256, 263 N.E.2d at 838, quoting Webster's New Twentieth Century Dictionary 767.

■ Defendants claim that because their filings with the court raised issues of fact, summary judgment was inappropriate. Two of their purported factual issues may be dismissed out of hand because they have no bearing on plaintiff's asserted right to possession or to a germane defense to its possession. First, defendants claim that plaintiff altered a document which directed plaintiff in its capacity as the land trustee to convey the *res* of the trust, defendants' residence, to an escrowee, and they contend that this allegation alone bars plaintiff from taking possession. However, although it is true that plaintiff did not contravene defendants' allegations of document alteration and fraud and that thus, defendants' averment of fact must be considered true (see *McBride v. Commercial Bank* (1981), 101 Ill. App. 3d 760, 428 N.E.2d 739), as plaintiff points out, the items on the direction to convey which defendants cite as altered, its date and the addition of the words "ALSO: EXECUTE EXTENSION OF SETTLEMENT AGREEMENT," have no bearing on the only aspect of the document that is relevant here: that at some point, defendants, as beneficiaries of the land trust, and, presumably, holders of the power of direction over the corpus of the trust, directed plaintiff as land trustee to convey the property. Moreover, defendants, by stating that the information which was either missing and/or altered from the direction they signed, necessarily, albeit unwittingly, admit that they did, in fact, sign a direction and that it constituted an order by them to the land trustee to convey the property to plaintiff.[1]

Defendants' other wholly meritless argument concerns the settlement agreement entered into by the parties wherein both sides

---

[1] In addition, even if we were to accept that plaintiff did, in fact, alter the document at issue, we fail to appreciate how defendants were adversely affected thereby. Defendants do not allege that they relied, in any way, on the date of the direction prior to signing it, nor do they even try to convince that had the direction which they signed contained the legend "ALSO: EXECUTE EXTENSION OF SETTLEMENT AGREEMENT," they would have refused to direct the land trustee to convey their residence. Instead, they apparently hope that a simple assertion that the document was altered will suffice to vitiate the agreement into which they had voluntarily entered. This, however, is not the law of this State; thus, defendants' asserted defense, based as it is on this meritless ground, does not prevent the entry of summary judgment in plaintiff's favor.

agreed to release all claims against each other arising on or before June 13, 1991. Defendants suggest that since plaintiff's right to seek possession of the property arises from this agreement and that the agreement was signed on June 13, 1991, plaintiff has contracted away its right to maintain this action. This attempt at an unassailable syllogism is both confused and absurd. Defendants would have this court interpret the settlement contract in a way which would divest plaintiff of its right to enforce its ownership of the subject property; but, since ownership of the property was the only consideration plaintiff received for its release of its claims against defendants, the release agreement itself would be unenforceable for want of consideration. Therefore, according to the implied and necessary conclusion to defendants' circular reasoning, plaintiff would again be free to maintain this action against defendants because the settlement contract was unenforceable. Courts must, whenever practicable, avoid a contractual construction which would reach an absurd result. (*Scheduling Corp. of America v. Massello* (1983), 119 Ill. App. 3d 355, 456 N.E.2d 298.) Consequently, we ignore defendants' contentions premised on plaintiff's release of claims.

■ Defendants also claim that before plaintiff in its capacity as the land trustee conveyed the property to itself in its corporate identity, defendant Joy Lynn Galuska, who had apparently become the sole beneficiary of the trust and the sole holder of the power of direction, amended the agreement on September 5, 1991, and that the effect of this amendment was to rescind the earlier direction to convey. They argue that an issue of fact remains as to whether plaintiff acted without authority in conveying the property to itself, and that this issue is material to this forcible entry and detainer action because it is upon this purportedly void deed that plaintiff premises its right to possess defendants' residence. Defendants' argument, when stripped of its prolixity, appears to be that since the record suggests that plaintiff as land trustee delivered the deed to the property to itself in its corporate capacity after Joy Lynn revoked the land trustee's direction to convey, its purported delivery of the deed was void *ab initio*; accordingly, since there was never a legally recognizable transfer of title to their home, defendants retained ownership and the superior right of possession in their residence.

As a general rule, no deed is effective to transfer ownership in property unless it is intentionally delivered by the transferor to the transferee. (*Calcutt v. Gaylord* (1953), 415 Ill. 390, 114 N.E.2d 340; *Harron v. Underwood* (1987), 152 Ill. App. 3d 144, 503 N.E.2d 1111.)

"Where a grantor makes a deed and delivers it to a third person to be delivered to the grantee upon the happening of some future event, *** and the grantor surrenders all control and dominion over the deed, such act constitutes a complete and valid delivery by the grantor. (*McClugage v. Taylor* (1933), 352 Ill. 550, 186 N.E. 145.) ***

In [the] case[ ] of delivery of a deed in escrow to a third person, the controlling question is whether or not the grantor reserved the right to recall or revoke his action. The presumption of law is in favor of delivery, and the burden of proof is upon the grantor *** to show that there was no delivery. (*McReynolds v. Miller* (1939), 372 Ill. 151, 22 N.E.2d 951.) The decisive issue is whether the grantor reserved control over the deed at the time of its delivery, and if there was no such reservation at the time, subsequent attempts to revoke *** are ineffectual, and the delivery is binding." *Herron*, 152 Ill. App. 3d at 154-55, 503 N.E.2d at 1118-19.

See also 2 E. Grigsby, Illinois Real Property Law & Practice §755, at 173 (1948) (commenting on the efficacy of various means of delivering a deed and noting that "[i]n cases of delivery in escrow, the controlling question is whether or not the grantor reserved his right to recall or revoke his action").

Applying these principles to the facts at bar, it is evident that the delivery of the deed made by the land trustee to the escrowee, which delivery was accomplished pursuant to the express direction of the holder of that power, validly transferred title to defendants' residence at some time in June of 1991.[2] Defendants do not maintain that either they or the land trustee reserved a right to recall the deed from the escrowee; much less do they offer proof of an actual reservation. Moreover, nothing in the record before us even intimates that defendants retained any control whatsoever over the escrowee. The revocation of the direction to convey, signed by Joy Lynn on September 6, 1991, was of no significance in this regard as it did not address the escrowee. Accordingly, so far as the land trustee was concerned, it had unconditionally deeded the property to plaintiff in June 1991, acting as commanded by the holder of the power of direction, a date which was well before Joy Lynn rescinded the direction to convey. Since it acted with authority, the deed it delivered, which is the deed

---

[2]This is another of the unfortunate yet recurring incidents in this appeal wherein the record before us is deficient.

upon which plaintiff bases its right to possess defendants' residence, was indisputably valid.

In closing, we wish to underscore our dissatisfaction with the record and the arguments presented for our review in the case at bar. By our count, there are at least 10 instances when we have been forced to presume, speculate or just plain guess what transpired between the parties in order to make some logical sense of the events of the case. Furthermore, where defendants did include something of value, it would often be occultly appended to a filing which had already appeared in the record countless times beforehand or it would be included in some otherwise meaningless paper. Thus, its value was lost amid the glare of the irrelevant.

Our task is not to divine the truth from the interstices of the parties' filings or to sift through the record like a tealeaf reader conjuring up fortunes in order to gain a proper understanding of the case before us. We understand that defendants are appearing *pro se*, but they need to be admonished that the lack of legal training will not be deemed a license which relieves the nonlawyer of the obligation to comport with the procedural rules of our supreme court. *In re A.H.* (1991), 215 Ill. App. 3d 522, 575 N.E.2d 261, *appeal denied* (1991), 142 Ill. 2d 654, 584 N.E.2d 126 (admonishing *pro se* appellants that they would receive no leniency simply because they chose to represent themselves).

We also find that plaintiff did not especially distinguish itself before us either. For example, its brief may be most charitably described as cursory. It expended more energy inventing creative adjectives to inform this court that defendants' arguments were worthless, rather than productively explaining *why* they did not warrant our consideration, or the fate of the warranty deed which defendants gave to plaintiff in lieu of foreclosure, and which has been only cryptically mentioned in this case. However, based on *our* review of this case, we find that there is no genuine issue of material fact with regard to plaintiff's right to possess the property at issue, nor have defendants raised a factual issue which would pose a germane defense to defeat plaintiff's right of possession. Consequently, we hold that the circuit court did not err in granting plaintiff summary judgment.

Affirmed.

McCORMICK, P.J., and HARTMAN, J., concur.