BARRY EPSTEIN, Plaintiff and Counterdefendant-Appellee, v. RICHARD GALUSKA, Defendant and Counterplaintiff-Appellant (Joy Lynn Galuska, Defendant-Appellant).

First District (4th Division)   No. 1—04—1659

Opinion filed October 27, 2005.—Rehearing denied December 13, 2005.

Richard Galuska and Joy Lynn Galuska, both of LaGrange Park, appellants *pro se*.

Vanasco, Genelly & Miller, of Chicago (David A. Genelly and James E. Judge, of counsel), for appellee.

JUSTICE GREIMAN delivered the opinion of the court:
Defendants Richard and Joy Lynn Galuska, husband and wife, ap-

peal from the circuit court's order granting summary judgment in favor of plaintiff Barry Epstein on his complaint for fraudulent conveyance brought under section 5 of the Uniform Fraudulent Transfer Act (740 ILCS 160/5 (West 2002)). For the reasons that follow, we dismiss defendants' appeal.

The instant litigation stems from a 1992 lawsuit and subsequent judgment secured by plaintiff against Richard Galuska (Richard) to enforce guarantees and collect on several loans he had made to Richard in the 1980s. Richard's partnership in National Gas Associates (NGA) and that company's involvement in National Gas & Electric Corp. (NGEC) had resulted in substantial losses which necessitated loans from plaintiff both to Richard personally and to NGEC. In September 1993, plaintiff and Richard reached a settlement agreement, which included a warranty by Richard of the source of losses both by NGA partnership and in Richard's personal accounts with Goldman Sachs & Co.

The settlement agreement required Richard to pay $30,000 by February 28, 1994, on his personal debt and an additional $25,000 on the loan to NGEC by December 31, 1997. The agreement also provided that, upon default, judgment would be entered against Richard in the amount of $37,450 as to his personal loan and in the amount of $25,000 as to the NGEC loan, including postjudgment interest. Plaintiff agreed to dismiss the lawsuit with prejudice, with the stipulation that the circuit court would retain jurisdiction for the purpose of enforcing the settlement agreement.

Richard defaulted on the first payment and plaintiff subsequently obtained a judgment against him in the amount of $37,450 in May 1994. A year later, the circuit court reaffirmed the judgment, reinstated the case *nunc pro tunc*, and stayed the execution of the judgment until the conclusion of the proceedings. Richard also failed to make the second payment by the agreed deadline, and plaintiff moved the circuit court to reinstate the case and enter judgment.

Richard filed multiple motions to dismiss, alleging that the 1993 settlement agreement released him from any claims plaintiff might have had against him. The initial motion additionally alleged that plaintiff had sought to have the circuit court's chief judge intervene and overrule the court's prior rulings staying judgment. The circuit court denied each motion.

In his response to plaintiff's motion, Richard argued that his prior dealings with plaintiff, specifically plaintiff's loans to NGEC, raised issues of partnership obligations between the parties and realleged plaintiff's dealings with the chief judge as an improper method of influencing the proceedings. Following arguments, the circuit court

entered judgment against Richard in the amount of $41,977.85, which was comprised of the earlier judgments plaintiff sought plus statutory and prejudgment interest.

Richard filed a motion to reconsider, alleging that the 1993 settlement agreement had been amended and that the loans plaintiff had made to Richard in 1986 implicated a partnership between the parties in NGEC and that partnership obligations required plaintiff to turn over NGEC securities related to a federal lawsuit filed by Richard against Geoquest, Inc. Richard again raised the allegation that plaintiff had improperly communicated with the chief judge. The circuit court denied the motion on December 18, 1998.

Richard appealed the judgment, but later voluntarily dismissed the appeal, alleging that it was not a final and reviewable order.

Plaintiff commenced supplementary proceedings to cite Richard's assets in July 1999. Richard filed a motion to quash, alleging that the judgment was nonfinal, that the proceedings were still subject to the 1995 stay order, and that plaintiff's attorneys had sought review of the disparate orders entered by the trial judge and the judge presiding over the enforcement proceedings. The circuit court denied Richard's motion, and the citation proceedings commenced.

During the citation examination, Richard revealed that, in September 1998, while plaintiff's motion to reinstate and for judgment was pending, he recorded a declaration of trust conveying his interest in his and Joy Lynn's marital residence, located at 643 Park Road in LaGrange Park (Property), to Joy Lynn, and that, in March 1999, he ordered a quitclaim deed conveying the Property from tenancy of the entirety in fee simple to Joy Lynn. At that time, the only asset Richard claimed was a 1996 federal default judgment he had obtained against Geoquest, which, at the time of Richard's suit and ever since, was a dissolved corporation with no assets.

The Property had originally been held in joint tenancy and was conveyed into a tenancy by the entirety in October 1990. In July 1991, Richard executed a declaration of trust conveying the property to Joy Lynn in trust. He recorded the declaration of trust and the warranty deed conveying the Property into tenancy by the entirety in September 1998.

Plaintiff thereafter filed the instant complaint for fraudulent conveyance against both defendants, alleging violations of the Uniform Fraudulent Transfer Act (740 ILCS 160/1 *et seq.* (West 2002)) and seeking orders to set aside the 1999 conveyance from tenancy of the entirety to Joy Lynn and to set aside Richard's transfer of his interest in the Property into trust.

Richard filed a counterclaim alleging a breach of fiduciary duty by

plaintiff as a result of his failure to abide by partnership obligations incurred through his loans to Richard and NGEC. The counterclaim also alleged that plaintiff's letter to the chief judge amounted to an abuse of process and set forth claims for breach of promise of cooperation and quasi contract, conversion, interference with prospective advantage, and negligence.

The parties filed cross-motions for summary judgment. Plaintiff argued that the sole purpose of the transfers was for Richard to avoid payment on the judgment awarded to plaintiff. Defendants argued that plaintiff's claims for fraudulent transfer lacked merit since the conveyances took place before plaintiff had filed any judgment liens and that the conveyances were not subject to the Act. In a written order, the circuit court found that the trust conveyance had been made for no consideration and was not effective until after Epstein became a creditor in 1994 and 1998, and that defendants failed to provide clear and convincing evidence to rebut the presumption that interspousal transfers that take place pending litigation are fraudulent. The circuit court granted summary judgment in favor of plaintiff on all counts alleged in his complaint and against defendants on each of their counterclaims. The court ordered that the conveyances be voided and awaited plaintiff's motion for foreclosure.

Defendants now appeal, contending that the circuit court erred in allowing plaintiff to pursue enforcement of the 1994 judgment and that issues of material fact remained as to the conveyances and the affirmative defenses raised by defendants.

This court reviews a trial court's grant of summary judgment *de novo*. *Morris v. Margulis*, 197 Ill. 2d 28, 35 (2001). Summary judgment is appropriate only where the pleadings, depositions, and admissions on file, together with any affidavits and exhibits, indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005 (West 2002); *Morris*, 197 Ill. 2d at 35.

We first address plaintiff's motion to strike defendants' brief and dismiss this appeal on grounds that their brief violates numerous supreme court rules governing appellate briefing and procedure and attempts to insert evidence that was not properly included in the certified record on appeal. We cannot help but concur.

While defendants appear *pro se*, their status does not relieve them of their burden of complying with this court's rules. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). In fact, even a cursory glimpse at defendants' involvement in prior proceedings reveals them to be very experienced *pro se* litigants and appellants. See *Galuska v. Edgewood Bank*, No. 1—92—3676

(1993) (unpublished order under Supreme Court Rule 23) (plaintiff Richard appealed $2,179 jury award entered against bank for dishonoring his personal check, seeking damages of $783,000; we affirmed); *Crawford v. Galuska,* No. 1—93—2245 (1995) (unpublished order under Supreme Court Rule 23) (defendant Richard appealed $214,284 judgment entered against him for defaulting on promissory note; we affirmed); *Carlson v. Galuska,* No. 1—93—3457 (1995) (unpublished order under Supreme Court Rule 23) (defendant-counterplaintiff Richard appealed $64,093 judgment against him for breach of investment contract and fraud; we affirmed, finding that Richard's prior admissions in pleading contradicted his arguments as to the terms of the contract); *Carlson v. Galuska,* No. 1—95—0126 (1996) (unpublished order under Supreme Court Rule 23) (defendant-counterplaintiff Richard appealed circuit court's dismissal of his counterclaims and denial of his motions to dismiss plaintiffs' complaint; we affirmed, citing Richard's failure to attach his proposed amended counterclaims and finding that filed counterclaim lacked merit); *Galuska v. Hinshaw & Culbertson,* No. 1—96—1666 (1997) (unpublished order under Supreme Court Rule 23) (plaintiff Richard appealed the circuit court's order dismissing his complaint against attorneys representing opposing parties in prior lawsuits for breach of fiduciary duty; we affirmed, again finding that Richard had failed to attach the proposed amendment to his complaint that he argued was wrongfully disallowed and that the allegations contained in Richard's complaint were insufficient to state a cause of action).

Defendants were also parties to an earlier case with similar circumstances, namely, *First Illinois Bank & Trust v. Galuska,* 255 Ill. App. 3d 86 (1993). There, plaintiff First Illinois had filed an action to foreclose on defendants' mortgage and later reached an agreement with defendants whereby they would tender the amount owed by an agreed date or be required to deliver a warranty deed to their then residence, located at 204 Brainard in LaGrange, to First Illinois. Defendants conveyed the residence to a land trust pursuant to the agreement, with First Illinois as trustee and Joy Lynn as sole beneficiary, with the deed to be held by an escrow agent. When defendants failed to tender the agreed-upon amount despite multiple deadline extensions and later issued a direction for First Illinois as land trustee to convey the land to First Illinois in its corporate capacity, First Illinois registered its deed to the residence. After defendants refused to vacate the residence despite multiple demands, First Illinois filed an action for forcible entry and detainer. *First Illinois Bank & Trust,* 255 Ill. App. 3d at 88-89. The trial court granted summary judgment to First Illinois, and defendants appealed. This court af-

firmed, rejecting defendants' arguments that First Illinois had altered documents relating to the conveyance, that First Illinois contracted away its right to seek possession of the residence when the settlement agreement was reached, and that the conveyance was invalid. This court also admonished defendants for their failure to abide by the rules of appellate procedure and found several deficiencies in the record filed on appeal, which included several attachments that amounted to "meaningless paper." *First Illinois Bank & Trust*, 255 Ill. App. 3d at 91-94.

Defendants have also been involved in several appeals in this court's Second District. See *Witkiewicz v. Galuska*, Nos. 2—94—0488, 2—94—0286, 2—94—1190, cons. (1995) (unpublished order under Supreme Court Rule 23); *Elgin State Bank v. Galuska*, No. 2—90—0458 (1991) (unpublished order under Supreme Court Rule 23); *Elgin State Bank v. Galuska*, No. 2—91—1334 (1992) (unpublished order under Supreme Court Rule 23).

Defendants have also been quite active litigating in federal district court. See *Carl v. Galuska*, 785 F. Supp. 1283 (N.D. Ill. 1992) (defendant Richard sued for alleged violations of federal securities regulations, fraud, breach of fiduciary duty, and conspiracy to defraud); *Galuska v. Paine, Webber, Jackson & Curtis, Inc.*, No. 92 C 0028 (N.D. Ill. 1992) (plaintiff Richard's complaint for conspiracy dismissed as a "hopelessly inadequate" attempt to package Richard's grievances as a "kind of global conspiracy" against him by nine defendants, and amended complaint later dismissed for Richard's failure to allege federal jurisdiction over his claims of conspiracy); *Galuska v. Goldman, Sachs & Co.*, No. 92 C 8091 (N.D. Ill. 1993) (plaintiff Richard's motion to vacate arbitration award to defendant Goldman Sachs dismissed); *Galuska v. Kanter*, No. 93 C 4760 (N.D. Ill. 1995) (plaintiff Richard denied leave to file amended complaint or rejoin dismissed defendants where court found doing so would be futile considering his past behavior and numerous pleading deficiencies).

Of particular interest to this court is *Galuska v. Blumenthal*, No. 92 C 3781 (N.D. Ill. 1994), where plaintiff Joy Lynn sued the attorney representing First Illinois in its action for forcible entry and detainer, claiming he and his firm had violated the Fair Debt Collection Practices Act (15 U.S.C. § 1601 *et seq.* (1988)) (FDCPA). Joy Lynn's initial complaint was dismissed on grounds that her claims were barred by *res judicata* and had already been litigated in state court. Joy Lynn filed an amended complaint and Blumenthal moved for summary judgment, which the court granted, finding that the FDCPA was inapplicable, that her action was only filed to harass Blumenthal and his employer, that she had not made any reasonable inquiry into the

facts or law of the case, that she made several misstatements to the court, and that she failed to allege any basis for seeking damages. The court also issued sanctions against Joy Lynn for her failure to demonstrate that her lawsuit had been presented for any proper purpose.

Plaintiff argues that defendants' brief should be stricken and their appeal dismissed for their multiple violations of Supreme Court Rules 321 and 341 (155 Ill. 2d R. 321, 188 Ill. 2d R. 341). Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the appeal. *In re Marriage of Gallagher*, 256 Ill. App. 3d 439, 442 (1993). While this court is not bound to enforce strict, technical compliance with the rules where, despite minor inadequacies in an appellate brief, the basis for an appeal is fairly clear (*Boeger v. Boeger*, 147 Ill. App. 3d 629, 630 (1986), a party's failure to comply with basic rules is grounds for disregarding his or her arguments on appeal (*In re Estate of Jackson*, 354 Ill. App. 3d 616, 620 (2004).

Supreme Court Rule 341 requires that appellant's file a brief not exceeding 50 printed pages in length and a reply brief not exceeding 20 printed pages. 188 Ill. 2d R. 341(a). Defendants' brief totals 72 pages, not including the appendix, and their reply brief totals 27 pages. Such experienced appellants, who otherwise conformed with all other sections of Rule 341, ought to know better than to burden this court with such cumbersome tomes.

The same rule also requires that an appellant's statement of facts contain facts necessary to the understanding of the case, stated accurately and fairly and without argument. 188 Ill. 2d R. 341(e)(6). Defendant's statement of facts, which spans 25 pages and in some sections amounts to no more than a page-by-page reproduction of the common law record, contains many assertions that can only be construed as argumentative and numerous others which have nothing to do with the nature of the conveyance that was the subject of the instant litigation. Accordingly, we cannot help but conclude that defendants, despite their obvious and extensive familiarity with the strictures of appellate procedure, have violated this rule.

Supreme Court Rule 321 requires that the record on appeal consist of the judgment appealed from, the notice of appeal, and the entire original common law record. 155 Ill. 2d R. 321. Plaintiff contends that several of the documents defendants wish to include in the record on appeal are not germane to the instant litigation and should be excluded. We concur.

This court need not consider records that were not filed as part of the common law record following the filing of a notice of appeal. *Cala*

*v. Gerami*, 137 Ill. App. 3d 936, 938 (1985). Here, defendants have supplemented the record with several documents pertaining to Richard's previous litigation involving plaintiff and the 1994 and 1998 judgments plaintiff secured against him. They have nothing to do with the instant action for fraudulent conveyance, but rather seem to indicate an attempt by defendants to relitigate those prior judgments. The scope of our consideration in this appeal is limited to the propriety of the circuit court's grant of summary judgment and nothing more. If defendants desire review of those judgments, they should have sought their appeal in separate proceedings.

Defendants appear to take this court for fools and seem to labor under the presumption that we would take their appeal ignorant of their extensive, prolific, and sometimes ludicrous attempts to elude and forestall judgments against them and the enforcement thereof. A review of the above-cited cases to which they have been parties reveals a seemingly pathological obstinance to recognize the authority of Illinois courts and their duty to abide by judgments entered against them. Indeed, several cases deal directly with the questionable methods by which defendants either attempted to convey their interests in another residence or attempted to hinder the execution of a judgment concerning it. Defendants' proclivity for levelling outlandish claims and counterclaims against their party-opponents, creditors, and judgment creditors is nothing short of baffling. We refuse to further enable this pathology and we therefore will not consider any of defendants' contentions on appeal, as they all but ignore the propriety of the circuit court's grant of summary judgment but rather seek to divert our attention to matters that have already been litigated, have nothing to do with the manner in which Richard conveyed his interest in the couple's (apparently second) marital residence to Joy Lynn, and whose only bases in fact are ephemeral references to conversations and dealings Richard apparently had with plaintiff nearly two decades ago.

In short, we will not abide defendants' attempt to perpetuate litigation that concluded long ago, and pursuant to our discretion to dismiss an appeal for violations of supreme court rules (*In re Marriage of Gallagher*, 256 Ill. App. 3d at 442), we dismiss this appeal for the reasons set forth above.

Appeal dismissed.

CAMPBELL and MURPHY, JJ., concur.