# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Wells Fargo Bank, N.A. v. Watson*, 2012 IL App (3d) 110930

---

| | |
|---|---|
| Appellate Court Caption | WELLS FARGO BANK, N.A., Plaintiff-Appellee, v. CECIL W. WATSON, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-11-0930 |
| Filed | July 9, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff bank's presentation of a judgment of foreclosure in its forcible entry and detainer action justified the entry of summary judgment for the bank, regardless of the fact that the judgment was neither signed nor dated, because there was no objection concerning the judgment's entry or accuracy, the judgment entitled the bank to possession of the property, and there was no evidence defendant had any legal interest in the property or was entitled to possession. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 11-LM-2802; the Hon. Mark Thomas Carney, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Cecil W. Watson, of Bolingbrook, for appellant. |
| | |
| | Michelle V. Dohra and Lucia Nale, both of Mayer Brown LLP, and Shaun Callahan, of Pierce & Associates, both of Chicago, for appellee. |
| | |
| Panel | JUSTICE CARTER delivered the judgment of the court, with opinion. Presiding Justice Schmidt and Justice Holdridge concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff, Wells Fargo Bank, N.A., brought suit pursuant to the Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et seq.* (West 2010)) against defendant, Cecil W. Watson, for possession of a single-family residence located in Bolingbrook, Illinois. During the course of the trial court proceedings, plaintiff filed a motion for summary judgment. After a hearing, the trial court granted the motion. Defendant appeals the trial court's grant of summary judgment for plaintiff. We affirm the trial court's ruling.

¶ 2                                      FACTS

¶ 3    Defendant owned the residence in question and sold it to his cousin, Darrell Coburn, in May 2008. In order to finance the purchase, Coburn executed a note of approximately $177,000 and secured that debt with a mortgage from Franklin American Mortgage Company (Franklin), naming Mortgage Electronic Registration System, Inc. (MERS), as nominee for Franklin with the power to foreclose on the property in the event of a default by Coburn.[1] After the sale, defendant continued to reside at the residence with Coburn.

¶ 4    On September 1, 2009, plaintiff filed a mortgage foreclosure complaint in Will County case No. 09-CH-3901 (the foreclosure action), alleging that it was the holder of the mortgage

---

[1]To the extent permissible under the law and for the purpose of providing a thorough review of this case, we have taken judicial notice of the record and procedural facts set forth in appellate case No. 3-11-0847, a related appeal which is also before this court. See Ill. R. Evid. 201 (eff. Jan. 1, 2011) (when appropriate, a court may take judicial notice, whether requested or not, at any stage of the proceedings); 735 ILCS 5/8-1002 (West 2010) (the appellate court shall take judicial notice of all matters of which the circuit court was required to take judicial notice); *Walsh v. Union Oil Co. of California*, 53 Ill. 2d 295, 299 (1972) (a court may take judicial notice of other proceedings in other courts under certain circumstances); *People v. Davis*, 65 Ill. 2d 157, 161-65 (1976) (a court may take judicial notice of matters of record in other cases in the same court under certain circumstances).

and note for the property. Coburn was the only named defendant in that suit. On November 4, 2009, plaintiff filed motion for summary judgment in the foreclosure action and attached an undated supplemental document indicating that MERS, as nominee for Franklin, assigned the mortgage to plaintiff "prior to 08/24/2009." The document was signed by Jill Rein, a "Certifying Officer" for MERS, and was notarized on September 25, 2009. Records from the Will County recorder's office indicate that the assignment of mortgage in favor of plaintiff was not recorded until October 14, 2009, more than a month after the foreclosure action began on September 1, 2009.

¶ 5       On December 31, 2009, Coburn filed his response to the motion for summary judgment. Coburn claimed that he was procuring the necessary funds to cure his default before the next court date but did not challenge plaintiff's standing to bring the foreclosure action.

¶ 6       In July 2010, the trial court granted summary judgment for plaintiff in the foreclosure action. The property was sold at a public sale on December 8, 2010. On March 11, 2011, the trial court approved the foreclosure sale and entered the final foreclosure judgment. The foreclosure judgment was signed by the Honorable Richard J. Siegel and provided that plaintiff was entitled to possession of the property and that the sheriff was to evict Coburn from the property. Coburn did not appeal the foreclosure judgment.

¶ 7       On September 19, 2011, plaintiff filed the instant forcible entry and detainer action against defendant in Will County case No. 11-LM-2802, seeking an order of possession to the property. An unsigned and undated copy of the foreclosure judgment from case No. 09-CH-3901 was attached to the complaint. The instant case was assigned to the Honorable Mark Thomas Carney. On October 21, 2011, plaintiff filed a motion for summary judgment in the instant case. Attached to the motion for summary judgment were copies of the foreclosure judgment (unsigned and undated); a written demand for possession addressed to Coburn and unknown occupants; proofs of service showing that the demand had been personally served on defendant and served by substitute service on Coburn (by delivery to defendant) at the residence on June 2, 2011; and an affidavit of posting showing that the demand for possession had also been posted on the front door of the residence on June 2, 2011.

¶ 8       On November 4, 2011, Coburn filed a motion to vacate the foreclosure judgment in the foreclosure action. Coburn alleged in the motion to vacate that plaintiff lacked legal standing to file the mortgage foreclosure complaint. On that same date, defendant filed a response opposing summary judgment in the instant case. In his response, defendant made essentially the same allegation against plaintiff regarding lack of standing to file the mortgage foreclosure complaint in the mortgage foreclosure action. More specifically, defendant claimed that plaintiff filed the mortgage foreclosure complaint before the mortgage had been assigned to it and in so doing, obtained the mortgage foreclosure judgment by committing a fraud upon the court. Defendant attached to his response copies of the recorded deed transferring the property from defendant to Coburn in May 2008; the assignment of mortgage from MERS to plaintiff, which was notarized on September 25, 2009, and recorded on October 14, 2009; and the recorded notice of foreclosure.

¶ 9       On November 15, 2011, a hearing was held on Coburn's motion to vacate in the

foreclosure action. At the conclusion of the hearing, Coburn's motion was denied. No explanation for the denial was provided in the written order. Coburn appealed that denial, and that appeal is currently before this court in appeal No. 3-11-0847.

¶ 10    On November 16, 2011, a hearing was held on the motion for summary judgment in the instant case. At the conclusion of the hearing, the trial court granted plaintiff's motion for summary judgment. No explanation for the trial court's ruling was provided in the written order. Defendant appealed in the instant case to challenge the trial court's ruling and filed an emergency motion in this court to stay the eviction pending appeal. We denied the motion to stay. A similar motion was denied in the trial court.

¶ 11                                              ANALYSIS

¶ 12    On appeal, defendant argues that the trial court erred in granting summary judgment for plaintiff. Defendant asserts that summary judgment should not have been granted because genuine issues of material fact remain as to whether plaintiff had legal standing to file the mortgage foreclosure complaint in the foreclosure action and whether plaintiff obtained the mortgage foreclosure judgment by committing fraud on the court. Plaintiff disputes defendant's assertions and argues that the trial court's ruling was proper and should be affirmed.

¶ 13    "The parties to a forcible entry and detainer action, like other civil litigants, may avail themselves of a motion for summary judgment where the procedural device is appropriate." *First Illinois Bank & Trust v. Galuska*, 255 Ill. App. 3d 86, 90 (1993). The purpose of summary judgment is not to try a question of fact, but to determine if one exists. *Adams v. Northern Illinois Gas Co.*, 211 Ill. 2d 32, 42-43 (2004). Summary judgment should be granted only where the pleadings, depositions, admissions, and affidavits on file, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is clearly entitled to a judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2010); *Adams*, 211 Ill. 2d at 43. Summary judgment should not be granted if the material facts are in dispute or if the material facts are not in dispute but reasonable persons might draw different inferences from the undisputed facts. *Adams*, 211 Ill. 2d at 43. Although summary judgment is to be encouraged as an expeditious manner of disposing of a lawsuit, it is a drastic measure and should be allowed only where the right of the moving party is clear and free from doubt. *Adams*, 211 Ill. 2d at 43. In appeals from summary judgment rulings, the standard of review is *de novo*. *Adams*, 211 Ill. 2d at 43.

¶ 14    The purpose of the Forcible Entry and Detainer Act (Act) is to provide a speedy remedy to allow a person who is entitled to the possession of certain real property to be restored to possession. *Rosewood Corp. v. Fisher*, 46 Ill. 2d 249, 251 (1970) (*per curiam*). A forcible entry and detainer action, therefore, is a limited and distinct proceeding that determines who is entitled to immediate possession of real property. *Avenaim v. Lubecke*, 347 Ill. App. 3d 855, 861 (2004). Because forcible entry and detainer actions are summary in nature, matters that are not germane to the issue of possession may not be raised. See *Avenaim*, 347 Ill. App. 3d at 861; 735 ILCS 5/9-106 (West 2010) (except as otherwise provided, matters not

germane to the issue of possession may not be introduced into a forcible entry and detainer action by joinder, counterclaim or otherwise). Thus, "the only factual questions which need be answered in such a proceeding are which party is entitled to immediate possession and whether a defense which is germane to the distinctive purpose of the action defeats plaintiff's asserted right to possession." *Galuska*, 255 Ill. App. 3d at 90.

¶ 15 "Germane matters" are those that are closely connected with, and relevant to, the issue of possession (see *Rosewood Corp.*, 46 Ill. 2d at 256) and generally fall into one of four categories: "(1) claims asserting a paramount right of possession; (2) claims denying the breach of the agreement vesting possession in the plaintiff; (3) claims challenging the validity or enforceability of the agreement on which the plaintiff bases the right to possession; or (4) claims questioning the plaintiff's motivation for bringing the action." *People ex rel. Department of Transportation v. Walliser*, 258 Ill. App. 3d 782, 788 (1994). Serious title disputes, however, may not be determined in a forcible entry and detainer action. *Avenaim*, 347 Ill. App. 3d at 862.

¶ 16 In the present case, at the summary judgment hearing in November 2011, the trial court had before it a judgment of foreclosure that clearly entitled plaintiff to possession. Although the judgment order was not dated or signed, defendant did not dispute that the order had been entered or that the copy presented was accurate. In addition, defendant presented no evidence to establish by way of a defense that he had any legal interest in the property or that he was rightfully entitled to possession. Based upon the evidence that was presented, it was proper for the trial court to grant summary judgment for plaintiff on its forcible entry and detainer complaint. See 735 ILCS 5/2-1005(c) (West 2010); *Adams*, 211 Ill. 2d at 43. The matters asserted by defendant in opposition to plaintiff's motion for summary judgment were not germane to the issue of possession but, rather, constituted a collateral attack on the mortgage foreclosure judgment. See *Norwest Mortgage, Inc. v. Ozuna*, 302 Ill. App. 3d 674, 680 (1998) (actions for mortgage foreclosure and forcible entry and detainer were separate and distinct actions); *Lady v. Montgomery Ward & Co.*, 80 Ill. App. 3d 69, 72-73 (1980) (tenant who was named defendant in mortgage foreclosure proceeding could not contest mortgage foreclosure judgment in forcible entry and detainer action because of application of collateral estoppel). Defendant's assertions, therefore, were properly rejected by the trial court. See 735 ILCS 5/9-106 (West 2010); *Rosewood Corp.*, 46 Ill. 2d at 255-56; *Avenaim*, 347 Ill. App. 3d at 861; *Galuska*, 255 Ill. App. 3d at 90; *Walliser*, 258 Ill. App. 3d at 788.

¶ 17 For the foregoing reasons, we affirm the judgment of the circuit court of Will County.

¶ 18 Affirmed.