**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200477-U

Order filed August 12, 2021

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| BEECHER PLAZA, INC., | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-20-0477 |
| | ) | Circuit No. 19-L-820 |
| | ) | |
| ADAM BAUMGARTNER, | ) | Honorable |
| | ) | Roger D. Rickmon, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE WRIGHT delivered the judgment of the court.
Presiding Justice McDade and Justice O'Brien concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:   The circuit court properly dismissed Beecher Plaza, Inc.'s lawsuit for breach of contract, with prejudice, based on the application of *res judicata*.

¶ 2      The circuit court dismissed Beecher Plaza, Inc.'s complaint, alleging breach of the provisions of a 2018 retail lease agreement, on *res judicata* grounds. On appeal, Beecher argues the circuit court erred by dismissing the complaint on this basis because there was no identity of issues between Beecher's first eviction action and the second action, seeking additional monetary

amounts attributable to defendant's purported breach of the same 2018 retail lease agreement. We affirm.

¶ 3                                I. BACKGROUND

¶ 4        Adam Baumgartner contracted with Beecher Plaza, Inc. (Beecher) to lease the commercial retail property, commonly known as 997 Dixie Highway, Beecher, Illinois, for a period of three years, beginning on August 3, 2018. The relevant provisions of the 2018 lease agreement will be discussed in greater detail in the analysis that follows.

¶ 5        The first lawsuit between these parties began on April 22, 2019, when Beecher filed a forcible detainer action[1] in Will County case No. 19-LM-916. The lawsuit alleged Baumgartner defaulted on terms of the 2018 retail lease agreement by failing to pay the agreed amount of rent beginning on February 6, 2019. In addition, Beecher alleged Baumgartner was unlawfully withholding possession of the premises from Beecher. Beecher not only requested the circuit court to enter an order of possession in Beecher's favor, but also asked the court to award monetary amounts to Beecher for breach of the terms of the 2018 retail lease agreement, including, but not limited to, unpaid rent from February 6, 2019, to the time of trial and final judgment.

¶ 6        The court granted Beecher the requested relief in the first lawsuit by ordering Baumgartner to surrender possession of the premises and to pay Beecher for various amounts required by the terms of the 2018 retail lease agreement.[2] The court awarded Beecher a monetary amount totaling $12,327.44, which was comprised of $10,840.40 for rent or assessments, $385.04 for court costs, and $1,102 for attorney fees.

---

[1]We note that forcible detainer complaints are now termed eviction actions.
[2]Beecher's complaint did not request, and the court's order did not address, the termination of the lease agreement by operation of the contract language.

¶ 7    Thereafter, on September 24, 2019, Beecher initiated a second lawsuit against the same defendant, Baumgartner, seeking to enforce additional contractual remedies available to Beecher based on the same 2018 retail lease agreement. This second lawsuit, Will County case No. 19-L-820, sought a much larger monetary amount in the form of an award exceeding $71,000. This amount included an additional claim for past due and future rent for the period measured from June 2019 through the end of the lease agreement in July 2021, totaling $56,370.08. The remaining portion of Beecher's request included other monetary remedies available to Beecher pursuant to paragraph 23 of the 2018 lease agreement.[3]

¶ 8    On June 30, 2020, Baumgartner filed a motion to dismiss Beecher's complaint in Will County case No. 19-L-820 pursuant to section 2-619(a)(4) of the Code of Civil Procedure (Code). 735 ILCS 5/2-619(a)(4) (West 2020). Baumgartner's motion to dismiss asserted that the doctrine of *res judicata* barred Beecher's lawsuit based on a breach of the contractual provisions of the 2018 retail lease agreement.

¶ 9    On October 14, 2020, the circuit court conducted a hearing on Baumgartner's motion to dismiss in Will County case No. 19-L-820. Following the arguments presented by counsel for each party, the court granted Baumgartner's motion to dismiss, with prejudice, on the grounds that *res judicata* barred Beecher's claim seeking additional sums due to Baumgartner's purported breach of the 2018 lease. The court specifically noted that the issues raised in Will County case No. 19-L-820 could have been litigated in Will County case No. 19-LM-916. Beecher appeals.

---

[3]In addition to the $56,370.08 for past due and future rent, Beecher's complaint in the second lawsuit included claims for an undetermined amount of court costs, an undetermined amount of attorney fees, $3,271.46 for common area maintenance and real estate taxes, $711.69 for changing the locks on the subject premises, $675 for movers, and an estimated amount of $12,850 to restore the premises to pre-lease condition, as required by the terms of the lease agreement.

¶ 10                                II. ANALYSIS

¶ 11        On appeal, Beecher challenges the circuit court order dismissing Beecher's lawsuit in Will County case No. 19-L-820 based on the principles of *res judicata.* Baumgartner failed to file a brief on appeal. In such cases, our supreme court instructs that reviewing courts may: (1) advocate for the appellee by searching the record for the purpose of sustaining the judgment of the circuit court; (2) decide the merits of the appeal if the record and claimed error/errors are simple; or (3) reverse the judgment where appellant's brief demonstrates *prima facie* reversible error. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 12        Since the issue presented in this appeal is quite straightforward and simple, we elect to reach the merits of this appeal. Our standard for reviewing the circuit court's dismissal pursuant to section 2-619(a)(4) of the Code is *de novo. Richter v. Prairie Farms Dairy, Inc.*, 2016 IL 119518, ¶ 18.

¶ 13        The doctrine of *res judicata* provides that a final judgment on the merits, which is rendered by a court of competent jurisdiction, serves to bar a subsequent action between the same parties or their privies involving the same cause of action. *Id*. ¶ 21. This bar extends not only to claims and/or matters that were decided in the prior action, but also to those claims and/or matters that *could* have been decided. *Id*. (Emphasis added.) For *res judicata* to apply, there must be: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of the causes of action; and (3) an identity of the parties or their privies. *Id*. For purposes of *res judicata*, the assertion of different theories of relief constitutes a single cause of action if a single group of operative facts form the basis of the assertion of a claim for relief. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 307 (1998).

¶ 14        On appeal, Beecher does not dispute that the first lawsuit, which was filed on April 22, 2019, resulted in a final judgment for past due rent, court costs, and attorney fees up to the date of that judgment order in June 2019. Beecher also concedes there is an identity of the parties involved in both lawsuits. Instead, Beecher asserts that *res judicata* does not apply to bar the second lawsuit because no identity of issues exists between the two lawsuits. We disagree.

¶ 15        Before discussing *res judicata*, a brief review of the relevant subsections contained in paragraph 23 of the 2018 retail lease agreement is necessary. This paragraph provided Beecher with various remedies in the event of Baumgartner's default, including, but not limited to, terminating Baumgartner's right to possession of the premises by any lawful means, which could terminate the 2018 retail lease agreement. Paragraph 23 also provided Beecher with a remedy in the form of payment for both past due and future rent and other expenses that would become due over the remaining balance of the lease term. In addition, this paragraph allowed Beecher to recover expenses for the necessary renovation and alteration of the premises for re-letting, together with reasonable attorney fees, court costs, common area maintenance costs, taxes, and other expenses.

¶ 16        Turning to the first lawsuit, we note the purpose of an eviction action pursuant to section 9-101 *et seq.* of the Code is to "provide a speedy remedy to allow a person who is entitled to the possession of certain real property to be restored to possession." 735 ILCS 5/9-101 *et* seq. (West 2018); *Wells Fargo Bank, N.A. v. Watson*, 2012 IL App (3d) 110930, ¶ 14. However, section 9-209 of the Code also permits a landlord to couple such a claim for restored possession with a claim for other contractual damages and/or remedies, such as unpaid rent. 735 ILCS 5/9-209 (West 2018).

¶ 17 In Will County case No. 19-LM-916, Beecher exercised this option under section 9-209 and merged a demand for an order of possession, together with a demand for the court to enforce various contractual remedies available to Beecher as set forth in paragraph 23. In the first lawsuit, Beecher limited its request for a monetary award equal to *past due* rent, court costs, and attorney fees incurred to the date of trial. In the second lawsuit, filed after the final judgment in the first lawsuit, Beecher again sought to have the court enforce various contractual remedies, as set out in paragraph 23. However, this time, Beecher asserted that the monetary award should be measured by the amount of all rent payments due over the course of the entire three-year term pursuant to the 2018 lease agreement.

¶ 18 For purposes of this appeal, we will not opine about whether the lease agreement automatically terminated after Beecher obtained court-ordered possession of the premises, as provided by paragraph 23 of the 2018 retail lease agreement. Instead, we simply conclude that Beecher *could* have litigated whether Beecher was entitled to a much larger amount of rent, in excess of $71,000, representing future rent payments and other required payments.

¶ 19 For the reasons set forth above, we conclude both lawsuits had the same identity in the cause of action resulting from the same default under the provisions of the 2018 lease agreement. Therefore, we affirm the circuit court's dismissal of Will County case No. 19-L-820, based on the principles of *res judicata.*

¶ 20 III. CONCLUSION

¶ 21 The judgment of the circuit court of Will County is affirmed.

¶ 22 Affirmed.