2022 IL App (1st) 210664-U

FIFTH DIVISION
MARCH 31, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| JERMAINE DANCER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 L 50537 |
| | ) | |
| BANK OF AMERICA, N.A., | ) | Honorable |
| | ) | Daniel Duffy, |
| Defendant-Appellee. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court.
Presiding Justice Delort and Justice Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Plaintiff's *pro se* second amended complaint was properly dismissed with prejudice when it failed to set forth a claim upon which relief could be granted.

¶ 2    The plaintiff Jermaine Dancer appeals *pro se* from the circuit court's order granting the defendant, Bank of America N.A.'s motion to dismiss his *pro se* second amended complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)). On appeal, the plaintiff, asserts that he is also Tupac A. Shakur and "Turk" from the rap group

"Hot Boys," argues that the defendant removed funds from his bank accounts due to the mistaken belief that he was deceased.[1] We affirm the judgment of the circuit court of Cook County.

¶ 3    The record on appeal does not contain a report of proceedings before the circuit court. The following facts are gleaned from the limited record on appeal, which includes the plaintiff's *pro se* complaint, amended complaint, and second amended complaint, the defendant's motions to dismiss, and the trial court's orders.

¶ 4    On December 2, 2020, the plaintiff, who asserted that he went by the "stage/nickname" Tupac Shakur, filed a *pro se* complaint alleging that the defendant previously issued the plaintiff a "debit card" containing one million dollars, and four million dollars in cash, and that the plaintiff needed a "re-load" of funds.

¶ 5    On February 8, 2021, the defendant filed a motion to dismiss pursuant to section 2-615 of the Code alleging that the plaintiff's complaint failed to state a cause of action upon which relief could be granted. The plaintiff filed a *pro se* response titled "Justice League," alleging that he needed "legal help" to retrieve money that had been placed in an "unclaimed funds" account due to a lack of activity on certain bank accounts. On February 24, 2021, the trial court granted the motion to dismiss without prejudice.

¶ 6    On February 25, 2021, the plaintiff filed an amended *pro se* complaint, alleging that his "stage name/nick name/secondary name" was "Tupac Shakur" and that he was also "Turk" from the rap group "Hot Boys."  The plaintiff sought the court's help in retrieving funds from accounts bearing both the plaintiff's "birth" name and Shakur's name. On March 16, 2021, the defendant filed a motion to dismiss the amended complaint, alleging that the plaintiff failed to state "any

---

[1] The group is also referred to as "Hot Boyz" in the record.

plausible claim" upon which relief could be granted. On March 25, 2021, the trial court granted the defendant's motion without prejudice.

¶ 7     On April 20, 2021, the plaintiff filed a second amended *pro se* complaint alleging that the defendant closed his bank account due to a lack of activity and because it believed he was deceased. Thereafter, the defendant filed a motion to dismiss pursuant to section 2-615 of the Code, alleging that the second amended complaint reiterated the "same nonsensical and fantastical" claims as the plaintiff's prior pleadings and failed to state any viable cause of action. On May 24, 2021, the trial court dismissed the second amended complaint with prejudice, finding that the plaintiff failed to state a cause of action recognized under Illinois law.

¶ 8     On appeal, the plaintiff alleges that he is also Tupac Shakur and Turk, and that the defendant removed funds from his bank accounts due to lack of activity and a belief that he was deceased.

¶ 9     As a preliminary matter, our review of the plaintiff's appeal is hindered by his failure to fully comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Although the plaintiff is a *pro se* litigant, this status does not lessen his burden on appeal nor the requirements of appellate advocacy mandated by our supreme court. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Rule 341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment," and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff.

Oct. 1, 2020). Pursuant to the rule, a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 10    Here, the plaintiff's brief and reply brief provide no citations to the record and fail to articulate a legal argument which would allow a meaningful review of his claims. An appellant is required to cite to the pages and volumes of the record on appeal upon which he relies "so that we are able to assess whether the facts [which the appellant] presents are accurate and a fair portrayal of the events in this case." *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 58; see also Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). In the case at bar, the plaintiff's briefs are an explanation of the case from his perspective and cite no legal authority. See *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991) ("A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository into which the appealing party may dump the burden of argument and research."). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43.

¶ 11    Considering the content of the plaintiff's filings before this court, it would be within our discretion to dismiss the instant appeal without further consideration. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005) ("Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the appeal."). However, because the merits of this case can be ascertained from the record, and we have the benefit of a cogent appellee's brief, we choose to consider the discernible merits of the appeal. See *Twardowski v. Holiday Hospitality Franchising, Inc*., 321 Ill. App. 3d 509, 511 (2001).

¶ 12    Pursuant to section 2-615 of the Code, a defendant may move to dismiss an action based on defects in the plaintiff's pleadings. 735 ILCS 5/2-615 (West 2020). A section 2-615 motion to dismiss "challenges the legal sufficiency of a complaint on its face," and asks "whether the allegations of the complaint, taken as true and construed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted." *Berry v. City of Chicago*, 2020 IL 124999, ¶ 25. "Since Illinois is a fact-pleading jurisdiction, [the] plaintiff's complaint must allege facts, not mere conclusions, that establish a viable cause of action." *Bogenberger v. Pi Kappa Alpha Corp., Inc.*, 2018 IL 120951, ¶ 35. We review the trial court's grant of a section 2-615 motion to dismiss *de novo*. *Roberts v. Board of Trustees of Community College District No. 508*, 2019 IL 123594, ¶ 21.

¶ 13    In the case at bar, the trial court properly dismissed the plaintiff's second amended complaint with prejudice when he failed to identify any clear cause of action. While the second amended complaint alleged that the plaintiff was also known as Shakur and Turk, and that funds were removed from certain accounts due to his presumed death, it failed to allege any specific facts in support of his claims, let alone any specific actions by the defendant, or when those actions occurred. Instead, the second amended complaint made conclusory statements and failed to allege a cognizable cause of action against the defendant. See *Doe v. Coe*, 2019 IL 123521, ¶ 32 (the plaintiff must set forth facts sufficient to bring a claim within a legally recognized cause of action). The circuit court cannot accept as true conclusory statements that are unsupported by specific facts. See *Parente & Norem, P.C. v. Chicago Regional Council of Carpenters Welfare Fund*, 2021 IL App (1st) 200340, ¶ 20. Accordingly, because the plaintiff was unable to state a cause of action despite multiple opportunities to amend his complaint, the trial court properly dismissed the second amended complaint with prejudice.

¶ 14    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 15    Affirmed.