2020 IL App (1st) 190302-U

No. 1-19-0302

Order filed December 15, 2020

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE *ex rel*., Kimberly M. Foxx, State's Attorney of Cook County, Illinois, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17 COFO 3308 |
| 1998 Chevrolet Suburban, | ) ) | |
| Defendant | ) ) | |
| (Linton Heidleberg, II, Claimant-Appellant). | ) ) ) | Honorable James Carroll, Judge, presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1     *Held*: We affirm the trial court's judgment where claimant-appellant's brief is insufficient to ascertain his claims and he has failed to furnish a sufficient record such that error can be determined.

¶ 2    Claimant Linton Heidleberg, II appeals *pro se* from the trial court's forfeiture judgment, entered after trial. On appeal, claimant contends that the trial court erred when it did not return his vehicle because he had "paperwork showing" that it should be released. We affirm.

¶ 3    There is no report of the trial court proceedings in the record on appeal. However, the following facts can be gleaned from the limited record on appeal, which includes the State's complaint for forfeiture, the trial court's judgment, and claimant's motion for reconsideration.

¶ 4    On November 2, 2017, the State filed a complaint for forfeiture in the circuit court seeking a 1998 Chevrolet Suburban (Suburban). The complaint alleged that on August 1, 2017, in the 6000 block of South Damen in Chicago, police officers stopped the Suburban for a traffic violation. As the officers approached the vehicle, they smelled cannabis and observed a "rolled cigar" consistent with rolled cannabis in an ashtray. The driver of the vehicle, claimant, was ordered from the Suburban. A subsequent search of the Suburban recovered a loaded firearm and three bags containing suspect crack cocaine which weighed approximately 20.1 grams. Once bag of suspect crack cocaine was recovered from the driver's side floorboard. Based upon the foregoing, the complaint alleged that the Suburban was subject to forfeiture as it "was used or was intended to be used to transport, or to facilitate the transportation, sale, receipt, possession, or concealment of cannabis and/or controlled substance."

¶ 5    Claimant filed a verified claim asserting that the Suburban belonged to him and asking that it be returned. The matter was set for a bench trial on August 21, 2018.

¶ 6    Following trial, the trial court entered a written order stating the Suburban was "used in the commission of a criminal offense as alleged in said Verified Complaint while in possession and control of LINTON HEIDLEBERG II and said seizure was effect[ed] by Police Officers of the

CHICAGO Police Department on or about 8/01, 2017." The court therefore ordered that the Suburban was forfeited pursuant to the Controlled Substances Act (720 ILCS 570/505 *et seq.* (West 2016)). The court further ordered that claimant was permitted to remove tools, portable speakers, and paperwork associated with his lawn business from the Suburban.

¶ 7 On August 31, 2018, claimant filed a timely *pro se* motion to vacate alleging that the judgment was incorrect and that he did "have prove [*sic*] that he [did] not have." Claimant obtained counsel and the record indicates that the matter was continued so that counsel could file a motion to reconsider.

¶ 8 On September 24, 2018, counsel filed a motion to reconsider alleging that claimant provided, in support of the motion, certified dispositions and "[l]ive testimony" from claimant establishing that the charges for possession of a controlled substance and aggravated unlawful use of a weapon were nol-prossed, and that the remaining charge for possession of a firearm without a valid Firearm Owners Identification Card was not a charge that implicated forfeiture. The record on appeal does not contain the certified dispositions or a record of claimant's testimony. On January 28, 2019, the trial court denied the motion. Claimant filed a timely *pro se* notice of appeal.

¶ 9 On August 26, 2020, this court entered an order taking the case on claimant's brief only. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 10 On appeal, claimant contends that the trial court erred when it found the Suburban forfeited because he had paperwork showing that it should be returned to him. Claimant further contends that although he was pulled over because the Suburban's lights were not working and officers stated that he had been drinking, neither was true, and he was only charged with possession of a firearm because the officers were upset that he escalated the initial stop by contacting a sergeant.

Claimant further alleged that while cross-examining a police officer, he established discrepancies between the officer's testimony and a police report, which caused the trial court to rule in his favor on October 18, 2017. Although he received paperwork stating the Suburban was to be released, the court then "rule[d] for the cops." When claimant went to the auto pound to retrieve his personal property from the Suburban, he was "denied." Additionally, the trial court would not let claimant's attorney enter the auto pound because the Suburban was not inventoried.

¶ 11    As a preliminary matter, we note that our review of claimant's appeal is hindered by his failure to fully comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Although claimant is a *pro se* litigant, this status does not lessen his burden on appeal. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Rule 341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal" and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). Pursuant to the rule, a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 12    Here, although claimant used in part a form approved by the Illinois Supreme Court when filing his brief, he provides no citations to the record and has failed to articulate a legal argument

which would allow a meaningful review of his claims. An appellant is required to cite to the pages of the record on appeal "so that we are able to assess whether the facts [the appellant] presents are accurate and a fair portrayal of the events in this case." *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 58; see also Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). In the case at bar, claimant cites no pertinent legal authority on appeal, and his brief is a narrative of the case from his perspective. See *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991) ("A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository into which the appealing party may dump the burden of argument and research."). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. Accordingly, to the extent that claimant's brief fails to comply with Supreme Court Rule 341(h)(7), his arguments are forfeited.

¶ 13 Considering the content of claimant's brief, it would be within our discretion to dismiss the instant appeal. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005) ("Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the appeal."). However, because the issues in this case are simple and claimant made an effort to present his appeal by use of the approved form brief, we choose not to dismiss the appeal on that ground. See *Harvey v. Carponelli*, 117 Ill. App. 3d 448, 451 (1983).

¶ 14 That said, the deficiencies in the record still prevent us from reaching this appeal on the merits. On appeal, the appellant, in this case claimant, has the burden to provide a complete record for review in the appellate court to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). If no such record is provided, "it will be presumed that the order entered by the trial

court was in conformity with law and had a sufficient factual basis." *Id.* at 392. This is because, in order to determine whether there was actually an error, a reviewing court must have a record before it to review. *Id.*

¶ 15     Here, although the record reveals that a trial occurred on August 21, 2018, the record on appeal does not contain a report of proceedings from the trial or an acceptable substitute such as a bystander's report or agreed statement of facts pursuant to Supreme Court Rule 323. See Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017). Without a trial transcript or an acceptable substitute, we are unable to review the interaction between claimant and the trial court or determine what evidence was admitted or excluded at trial. Moreover, we have no knowledge of what arguments were presented at trial and no record of the trial court's evidentiary or other rulings. Under these circumstances, we must presume that the court acted in conformity with the law and ruled properly after considering the evidence before it. *Corral v. Mervis Industries, Inc*., 217 Ill. 2d 144, 156-57 (2005). In the absence of a report of proceedings or other record of the trial, we have no basis for disturbing the trial court's judgment. *Foutch*, 99 Ill. 2d at 391-92.

¶ 16     For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 17     Affirmed.