2022 IL App (1st) 211379-U

No. 1-21-1379

Order filed June 30, 2022

SIXTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| RACKEL MATTHEWS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 OP 75354 |
| | ) | |
| KEWAND HENRY, | ) | Honorable |
| | ) | Thomas M. Cushing, |
| Respondent-Appellant. | ) | Judge, presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Mikva and Oden Johnson concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Circuit court's entry of a two-year plenary order of protection affirmed based on the incomplete record on appeal.

¶ 2    Respondent Kewand Henry appeals *pro se* from the circuit court's entry of a two-year plenary order of protection against him and in favor of petitioner Rackel Matthews and five minors. On appeal, respondent argues the circuit court's entry of the plenary order of protection should be vacated because petitioner did not provide any evidence to support her allegations. Based on the record before us, we affirm.

¶ 3 Respondent has only provided this court with a single volume of common law record, from which we have gleaned the following facts and procedural history.

¶ 4 On July 15, 2021, petitioner filed *pro se*[1] a petition for an order of protection (petition) against respondent, with whom she had been in a relationship for two years and shared a home. Petitioner alleged respondent had been physically and mentally abusive, and she and her five minor children feared him. Specifically, petitioner alleged that respondent threatened her with guns, raped her, "damaged all [her] property," "trashed the house," spied on her, "hacked all of [her] accounts," tried to get her evicted, and failed to secure his guns in a safe. On the same day, the circuit court entered an emergency order of protection, granting petitioner exclusive possession of the shared residence and ordering respondent to have no contact with petitioner and the minors.

¶ 5 On July 19, 2021, respondent filed a motion to vacate the emergency order of protection, claiming the allegations against him were false. On July 26, 2021, the circuit court granted in part respondent's motion and entered a disposition order, modifying the emergency order of protection to allow respondent to be present in the shared residence and have contact with petitioner but no "unlawful" contact. The next day, petitioner moved to enforce the emergency order of protection, stating she wanted no contact with respondent "by any means." The court continued her motion.

¶ 6 On August 10, 2021, the circuit court entered a disposition order modifying the emergency order of protection. It ordered respondent to vacate the residence during a specific timeframe so petitioner could remove her belongings. The court also entered and continued petitioner's motion to enforce the emergency order of protection.

---

[1]The parties filed all pleadings *pro se* through the circuit court's entry of the two-year plenary order of protection.

¶ 7    On August 16, 2021, respondent, again, moved to vacate the emergency order of protection, arguing that petitioner failed to remove her belongings from the residence.

¶ 8    On September 28, 2021, the circuit court held a hearing on the matter and entered a two-year plenary order of protection (expiring September 28, 2023) prohibiting respondent from harassing and intimidating petitioner and the minors and ordering him to stay away from and have no contact by any means with them. It further granted petitioner exclusive possession of the residence. On the same day, respondent moved for substitution of judge, arguing that the order of protection was entered against him "without substantial evidence[,] *** legal basis or proof of any of the allegations." On September 30, 2021, respondent filed a motion to "vacate/modify" the order of protection.[2] On October 6, 2021, the court entered orders denying the motions. Respondent timely appealed.

¶ 9    On May 11, 2022, we entered an order taking this case for consideration on the record and respondent's *pro se* brief only based on petitioner's failure to file a brief within the time prescribed by Illinois Supreme Court Rule 343(a) (Ill. S. Ct. R. 343(a) (eff. July 1, 2008)). See *First Capitol Mortgage Corp. v. Talandis Construction Corp.,* 63 Ill. 2d 128, 133 (1976) (reviewing court may decide a case on appellant's brief alone "if the record is simple and the claimed errors are such that the court can easily decide them without the aid of an appellee's brief").

¶ 10    On appeal, respondent argues that the circuit court erred by (1) making an "improper appreciation of facts," (2) "declaring that [respondent] has committed harassment and

---

[2]Respondent's motion to "vacate/modify" the order of protection is not included in the record on appeal.

intimidation," and (3) granting exclusive possession of the residence to petitioner.[3] He claims the plenary order of protection should be vacated because petitioner provided no photos, videos, call records, or witnesses to support her allegations in the petition.

¶ 11    As a preliminary matter, we note that our review of respondent's appeal is hindered by his failure to fully comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Respondent's *pro se* status does not excuse him from complying with the appellate procedures required by our supreme court rules. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Although respondent filed his brief using a form approved by the Illinois Supreme Court, he failed to provide an adequate statement of facts and develop legal arguments to support his contentions.

¶ 12    Rule 341(h)(6) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Here, respondent's statement of facts does not cite to the record on appeal, and it further contains arguments regarding the circuit court's judgment in violation of Rule 341(h)(6).

¶ 13    Rule 341(h)(7) provides that the argument section of an appellant's brief "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). A reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited.

---

[3]Respondent incorrectly states in his brief that exclusive possession of the residence was given to "respondent".

*Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). It is not the duty of the reviewing court to search the record for the claimed error. *Id.*

¶ 14    Here, respondent's argument section fails to comply with Rule 341(h)(7), because his brief is a narrative of the case from his perspective. For example, respondent recites the statutory definition of harassment to support his first claim of error but, in general, simply denies the allegations in the petition and fails to provide a cohesive legal argument with a reasoned basis for his contention. For his other issues, respondent fails to cite any legal authority to support his claims. Merely stating contentions without an argument or citation to legal authority does not merit consideration on appeal, and the arguments are deemed waived. *First National Bank of LaGrange v. Lowrey*, 375 Ill. App. 3d 181, 207 (2007); see also *People v. Ward*, 215 Ill. 2d 317, 332 (2005) (an argument raised in a brief is forfeited if it not supported by citation to relevant authority). This court "has the inherent authority to dismiss the appeal" due to the insufficiency of respondent's brief. *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005). We choose not to dismiss the appeal on that ground but find that the incompleteness of the record on appeal prevents us from adequately reviewing respondent's contentions.

¶ 15    As the appellant, respondent bears the burden of providing this court with a sufficiently complete record. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). In this case, respondent failed to include a report of proceedings, bystander report, or agreed statement of facts from the hearing where the circuit court entered its judgment. Ill. S. Ct. R. 321 (eff. Oct. 1, 2021), R. 323 (eff. July 1, 2017).[4] Without a report of proceedings, we do not know what the testimony was at the hearing

---

[4]On January 25, 2022, respondent filed a motion for leave to file a supplemental record, consisting of the "transcripts from the hearing." On January 31, 2022, this court denied respondent's motion because the supplemental record was not provided to the court. Respondent has not moved to refile this motion.

and cannot review the basis for the circuit court's entry of the plenary order of protection to determine whether an error occurred. *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001) (a claim of error relating to a hearing or proceeding is not subject to review absent a report or record of the proceeding); see *Sanchez v. Torres*, 2016 IL App (1st) 151189, ¶ 25 (a finding of abuse supporting the entry of an order of protection will be reversed where the finding was against the manifest weight of the evidence). Any doubt arising from the incompleteness of this record is resolved against respondent. *Foutch*, 99 Ill. 2d at 392. We therefore must presume that the plenary order of protection entered by the circuit court's judgment "was in conformity with law and had a sufficient factual basis." *Id.*

¶ 16    For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 17    Affirmed.