2022 IL App (1st) 211156-U

No. 1-21-1156

Order filed September 8, 2022

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT
_____

| | | |
|---|---|---|
| ZSOCH DUNN, | ) | Petition for Direct |
| | ) | Administrative Review of a |
| Petitioner-Appellant, | ) | Decision of the Illinois Human |
| | ) | Rights Commission |
| v. | ) | |
| | ) | |
| THE HUMAN RIGHTS COMMISSION, THE | ) | Charge No. 2020 CP 1690 |
| DEPARTMENT OF HUMAN RIGHTS, and | ) | |
| FAMILY DOLLAR, INC., | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

_____

JUSTICE MARTIN delivered the judgment of the court.
Justices Reyes and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the decision of the Human Rights Commission sustaining the Department of Human Rights' dismissal of petitioner's charge of discrimination in public accommodation based on a lack of substantial evidence.

¶ 2    Petitioner Zsoch Dunn appeals *pro se* from a final decision of the Human Rights

Commission (Commission) sustaining the Department of Human Rights' (Department) dismissal

of his charge of discrimination in public accommodation for lack of substantial evidence. We affirm. [1]

¶ 3                                    I. BACKGROUND

¶ 4     On January 29, 2020, petitioner filed a *pro se* charge of discrimination in public accommodation, alleging that Family Dollar, Inc. (Family Dollar) denied him full and equal enjoyment of its services on January 28, 2020, due to his age, Pacific-Islander race, male sex, light complexion, Islamic religion, mental disability, and in retaliation for filing a prior charge of discrimination. In the instant charge, petitioner alleged that a Family Dollar cashier told him to leave his backpack behind a counter, yelled, followed him, and threatened to call the police. Petitioner further alleged that similarly situated customers who did not belong to the same protected categories were treated more favorably. The charge was perfected on February 18, 2020.

¶ 5     The Department investigated the charge and issued a report. The investigator reviewed still photographs from surveillance footage, an image provided by petitioner, and Family Dollar's antiharassment, nondiscrimination, and nonretaliation policy.[2] The investigator also interviewed petitioner and Family Dollar equal employment opportunity specialist Stacie Hummel.

¶ 6     Petitioner stated that on January 28, 2020, he entered a Family Dollar store, where at least 10 other customers of both sexes and of various ages and complexions were present. None were Pacific-Islander, and petitioner was unaware of their religions and disability status. When a "dark female with glasses" told petitioner to check his bag at the counter, he declined. Petitioner told the

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

[2]The report states that petitioner referred to the image as both a photograph and a video. However, the report's exhibit list identifies the image as a photograph. The record on appeal does not contain a video.

investigator that the footage would show he was battered while trying to complete a transaction because he was disabled. Additionally, the person " 'falsely accused [petitioner] of stealing bread,' " and threatened to call the police. He alleged that a similarly situated under 40 or significantly younger female, non-Pacific-Islander, dark complected, non-Islamic, non-disabled patron was treated more favorably under similar circumstances but did not identify said individual.

¶ 7    Hummel stated that Family Dollar does not discriminate or retaliate against employees or customers and provided a copy of the relevant policy. At some store locations, Family Dollar employees ask customers with bags or backpacks to place them behind the register as a loss prevention effort; this policy applies to all customers. On January 28, 2020, petitioner entered a store that had such a policy. Hummel stated that footage established that a cashier asked every customer entering the store, including petitioner, to put their bag or backpack behind the register while shopping. Footage established that petitioner's statement that the cashier yelled, cursed, followed, and grabbed him was false. Hummel stated that petitioner was not subjected to different treatment when all customers were asked to place their bags behind the register.

¶ 8    The report stated that still photographs taken from the store's video surveillance system show the cashier asking an African American male and female to place their bags behind the register and these individuals complying. Additional photographs show petitioner entering the store in a "hurried manner" with a backpack on his right shoulder, ignoring a request to place the bag behind the counter, and walking toward the back of the store. The cashier does not appear to yell, follow, or grab petitioner; rather, she stays at the register and petitioner leaves "without incident."[3]

_____

[3]Photographs are included in the record on appeal, although the quality of the scans is poor.

¶ 9    The investigator concluded that evidence established that petitioner was not denied entry to the Family Dollar store, and was not yelled or cursed at, followed, grabbed, or threatened. Rather, petitioner was treated more favorably than other customers when he entered the store without checking his backpack. Since petitioner enjoyed full and equal enjoyment of the Family Dollar store, he failed to establish a *prima facie* case of age, race, color, disability, or retaliatory-based discrimination. On January 25, 2021, the Department dismissed petitioner's charge for lack of substantial evidence.

¶ 10    On February 15, 2021, petitioner filed a request for review, alleging fraud, that evidence was destroyed, and that he was threatened. The Department filed a response noting, in pertinent part, that Family Dollar denied the allegations and articulated a legitimate nondiscriminatory reason for the request regarding petitioner's backpack. Specifically, the store was located in a high-theft area and all customers were asked to place their backpacks behind the register upon entering the store.

¶ 11    On August 31, 2021, the Commission sustained the dismissal of the charge for lack of substantial evidence. The Commission noted that Family Dollar produced surveillance photographs and video from January 28, 2020, which reflected that the cashier asked every customer entering the store to leave their bag or backpack behind the register regardless of age, sex, race, color, or religion.[4] Specifically, an African American man and woman were depicted entering the store, were asked to place a bag behind the register, and complied. When petitioner entered the store with a backpack, he ignored the request and proceeded to the back of the store. The cashier did not yell, scream, follow, or grab petitioner. Rather, she continued to perform her

---

[4]No video recording is included in the record on appeal.

duties at the register and petitioner left the store without incident. The Commission found no evidence that Family Dollar denied petitioner the full and equal enjoyment of its facilities and services. Moreover, petitioner failed to identify anyone treated more favorably under similar circumstances. As petitioner did not provide sufficient evidence to reverse the determination of lack of substantial evidence, the dismissal was sustained.

¶ 12    Petitioner filed a timely petition for direct review in this court on September 21, 2021. See 775 ILCS 5/8-111(B)(1) (West 2018) (a petitioner may "obtain judicial review of a final order of the Commission *** by filing a petition for review in the Appellate Court within 35 days from the date that a copy of the decision *** was served upon the party affected").

¶ 13                                    II. ANALYSIS

¶ 14    In his *pro se* brief, petitioner alleges that Family Dollar destroyed evidence and has a history of violating the constitution and engaging in coercive and wanton conduct. Moreover, petitioner contends he suffered numerous injuries when he was grabbed and "verbally humiliated" by a Family Dollar employee. Petitioner also alleges that he filed the instant charge despite the "abuse" of a Department employee who practiced law with "no authority," and that the members of the Commission "unlawfully held themselves out as lawyers."

¶ 15    As a preliminary matter, our review of petitioner's appeal is hindered by his failure to fully comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020), which "governs the form and content of appellate briefs." *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Although petitioner is a *pro se* litigant, this status does not lessen his burden on appeal. "In Illinois, parties choosing to represent themselves without a lawyer must comply with the same rules and are held to the same standards as licensed attorneys." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Rule

341(h) provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment," and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(6), (7) (eff. Oct. 1, 2020). Pursuant to the rule, a reviewing court is entitled to have issues clearly defined with "cohesive arguments" presented and pertinent authority cited. *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993).

¶ 16    Here, petitioner's brief provides no citations to the record and fails to articulate a legal argument which would allow a meaningful review of his claims. An appellant is required to cite to the pages and volumes of the record on appeal upon which he relies "so that we are able to assess whether the facts [which the appellant] presents are accurate and a fair portrayal of the events in this case." *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 58; see also Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). In the case at bar, petitioner's brief is a narrative of the proceeding from his point of view and lacks an organized and cohesive argument. See *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991) ("A reviewing court is entitled to have the issues clearly defined with pertinent authority cited and is not simply a depository into which the appealing party may dump the burden of argument and research."). "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43.

¶ 17    Considering the content of petitioner's brief, it would be within our discretion to dismiss the instant appeal. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005) ("Where an appellant's brief fails to comply with supreme court rules, this court has the inherent authority to dismiss the

appeal."). However, because petitioner clearly challenges the dismissal of his charge of discrimination, and we have the benefit of a cogent appellee's brief, we choose to consider the discernible merits of the appeal. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001).

¶ 18    The Act provides that it is a civil rights violation for any person, on the basis of unlawful discrimination, to "[d]eny or refuse to another the full and equal enjoyment of the facilities, goods, and services of any public place of accommodation." 775 ILCS 5/5-102(A) (West 2018).

¶ 19    Upon the filing of a discrimination charge, the Department must conduct a full investigation of the allegations and prepare a written report. 775 ILCS 5/7A-102(C), (D) (West 2018). The Department must then review the report to determine whether there is "substantial evidence" that the alleged discrimination occurred. 775 ILCS 5/7A-102 (D)(2) (West 2018). Substantial evidence is "evidence which a reasonable mind accepts as sufficient to support a particular conclusion and which consists of more than a mere scintilla but may be somewhat less than a preponderance." *Id.*; see also *Folbert v. Department of Human Rights*, 303 Ill. App. 3d 13, 25 (1999) ("mere speculation and conjecture does not constitute substantial evidence"). If the Department determines that there is no substantial evidence to support the allegation, the charge is dismissed. 775 ILCS 5/7A-102(D)(3) (West 2018). A petitioner may then request the Commission review the Department's determination. *Id.* If the Commission sustains the dismissal, the petitioner may seek review in the appellate court. 775 ILCS 5/8-111(B)(1) (West 2018).

¶ 20    We review the decision of the Commission, rather than that of the Department. *Alcequeire v. Human Rights Comm'n*, 292 Ill. App. 3d 515, 519 (1997). The Commission's findings of fact are entitled to deference and "shall be sustained unless the court determines that such findings are

contrary to the manifest weight of the evidence." 775 ILCS 5/8-111(B)(2) (West 2018). However, the Commission's ultimate decision to sustain the dismissal of a charge will be reversed only if the decision was arbitrary and capricious or an abuse of discretion. *Stone v. Department of Human Rights*, 299 Ill. App. 3d 306, 314 (1998). "A decision is arbitrary and capricious if it contravenes legislative intent, fails to consider a critical aspect of the matter, or offers an explanation so implausible that it cannot be considered as a result of the exercise of the agency's expertise." *Young v. Illinois Human Rights Comm'n*, 2012 IL App (1st) 112204, ¶ 33. An abuse of discretion will be found where no reasonable person could agree with the Commission's decision. *Id*. Under this standard, "we may not reweigh the evidence or substitute our judgment for that of the Commission." *Id*.

¶ 21    Here, the Commission sustained the dismissal of petitioner's charge for lack of substantial evidence, as he failed to establish a *prima facie* case of discrimination in public accommodation.

¶ 22    Our supreme court has adopted the three-part test, articulated by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), for evaluating charges of discriminatory practices brought under the Act. *Owens v. Department of Human Rights*, 403 Ill. App. 3d 899, 918 (2010) (citing *Zaderaka v. Illinois Human Rights Comm'n*, 131 Ill. 2d 172, 178-79 (1989) (claims under the Act are to be evaluated in accordance with federal decisions interpreting federal antidiscrimination laws)). Under this test, a petitioner alleging a violation of the Act has the initial burden to prove a *prima facie* case of unlawful discrimination by a preponderance of the evidence. *Owens*, 403 Ill. App. 3d at 918-19. If the petitioner succeeds in establishing a *prima facie* case, the respondent must articulate, not prove, a legitimate, nondiscriminatory reason for its actions to rebut that presumption. *Id*. at 919. Then, the burden

shifts back to the petitioner to prove by a preponderance of the evidence that the respondent's reason was untrue and a pretext for discrimination. *Id.*

¶ 23 The burden of persuasion rests with the petitioner throughout the proceedings (*id*.), and the failure to present substantial evidence of a *prima facie* claim of unlawful discrimination or to disprove a respondent's articulated reason for its actions warrants dismissal of the charge. *Owens v. Department of Human Rights*, 356 Ill. App. 3d 46, 52 (2005).

¶ 24 To establish a *prima facie* case of discrimination in public accommodation, a petitioner "must demonstrate that (1) he is a member of a protected class, (2) he attempted to exercise the right to full benefits and enjoyment of a place of public accommodation, (3) he was denied those benefits and enjoyment, and (4) he was treated less favorably than similarly situated persons outside his protected class." See *Jackson v. Walgreens Co*., 2021 IL App (1st) 201261-U, ¶ 28 (citing *McCoy v. Homestead Studio Suites Hotels*, 390 F. Supp. 2d 577, 583-85 (S.D. Tex. 2005)); see also Ill. S. Ct. R. 23(e)(1) (eff. Jan. 1, 2021) (nonprecedential Appellate Court orders entered on or after January 1, 2021, may be cited for persuasive purposes). To establish a *prima facie* case of retaliation, there must be substantial evidence that (1) the petitioner engaged in protected activity, (2) the respondent committed an adverse action against the petitioner, and (3) a causal nexus existed between the protected activity and the adverse action. See *Spencer v. Illinois Human Rights Commission*, 2021 Il App (1st) 170026, ¶ 40.

¶ 25 After reviewing the record, we conclude that petitioner has failed to demonstrate that the Commission abused its discretion by sustaining the dismissal of his charge of discrimination for lack of substantial evidence. The Commission explicitly stated that petitioner failed to establish that he was denied the full and equal enjoyment of the Family Dollar store when video footage and

photographs contradicted petitioner's allegation that a Family Dollar employee yelled, followed, and grabbed him. To the contrary, the evidence depicted petitioner enter the store, disregard the request to place his bag behind the register, and then exit the store without incident. Moreover, petitioner failed to identify anyone who was treated more favorably than him under similar circumstances, and the evidence established that every customer was asked to place their bag behind the register. As petitioner failed to establish a *prima facie* case of unlawful discrimination (*Owens*, 403 Ill. App. 3d at 918-19), dismissal was warranted (*Owens*, 356 Ill. App. 3d at 52). The Commission's decision to sustain the dismissal was therefore not an abuse of discretion. *Stone*, 299 Ill. App. 3d at 314.

¶ 26    Although petitioner challenges the Commission's decision, his arguments are unsupported by authority, do not address the elements required to make a *prima facie* discrimination claim, and fail to explain how the alleged facts of his claim satisfy those elements. Accordingly, we cannot say that no reasonable person could agree with the Commission's decision. See *Young*, 2012 IL App (1st) 112204, ¶ 33. Petitioner's challenge to the Commission's decision therefore fails.

¶ 27                                III. CONCLUSION

¶ 28    For the reasons explained above, we affirm the decision of the Commission.

¶ 29    Affirmed.