2024 IL App (1st) 220951-U

No. 1-22-0951

Order filed October 22, 2024

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) ) | Nos. 12 CR 15811, 12 CR 15812, 12 CR 15813; 12 CR 15814, 12 CR 15815, 12 CR 15833, 12 CR 15834, 12 CR 15835, 12 CR 15836, 12 CR 15837, 12 CR 15838, 12 CR 15839, |
| VIDAL RAINEY, | ) ) ) | 12 CR 16208, 12 CR 16209, 12 CR 16210, 12 CR 16212, 12 CR 16213, 12 CR 16214, 13 CR 5854 |
| Defendant-Appellant. | ) ) ) ) | Honorable Sophia Atcherson, Judge, presiding. |

_____

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Van Tine and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*: Affirmed. Circuit court properly denied defendant's *pro se* motion "Challenging the Jurisdiction of the Court" over his contention that his refusal to consent to the circuit court's jurisdiction deprived the court of jurisdiction and rendered his convictions void. Defendant's remaining contentions forfeited.

¶ 2    Defendant Vidal Rainey appeals *pro se* from the circuit court's denial of his *pro se* motion "Challenging the Jurisdiction of the Court." On appeal, he contends that his convictions and sentences are void because he did not consent to the circuit court's jurisdiction. We affirm.

¶ 3    On January 5, 2015, defendant entered a negotiated plea of guilty to one count of aggravated kidnapping and three counts of aggravated criminal sexual assault in case number 12 CR 16213. He also entered negotiated guilty pleas to armed robbery in case numbers 12 CR 15811, 12 CR 15812, 12 CR 15813, 12 CR 15815, 12 CR 15835, and 12 CR 15839; to robbery in case numbers 12 CR 15814, 12 CR 15833, 12 CR 15834, 12 CR 16209, and 12 CR 16210; to attempted armed robbery in case number 12 CR 15836; to attempted aggravated criminal sexual assault in case number 12 CR 15837; to attempted aggravated robbery in case number 12 CR 15838; to attempted home invasion in case number 12 CR 16208; to attempted armed robbery in case number 12 CR 16212; to aggravated battery to a police officer in case number 12 CR 16214; and to attempted residential burglary in case number 13 CR 05854. He was sentenced to a total of 40 years in prison.

¶ 4    Defendant filed a *pro se* motion to withdraw his guilty pleas and vacate the sentences, which the trial court denied. Thereafter, an assistant public defender filed a motion to reconsider, alleging that the court did not appoint post-plea counsel pursuant to Illinois Supreme Court Rule 604(d) (eff. Dec. 11, 2014). The court appointed counsel, who filed a motion to withdraw the pleas and certificates pursuant to Rule 604(d). The trial court held a hearing on the motion and thereafter denied defendant leave to withdraw his guilty pleas. On direct appeal, we affirmed over defendant's contention that the circuit court improperly denied his request to proceed *pro se* for the third time. See *People v. Rainey*, 2019 IL App (1st) 160187.

¶ 5 On May 13, 2022, defendant filed a *pro se* motion "Challenging the Jurisdiction of the Court." The motion sought to have "Each Void Sentencing Order Reversed and Vacated" and to dismiss each case "Pursuant to the Void Arrest Order [and] the Void Grand Jury Indictment Orders," as violations of defendant's "Due Process Rights" because the court lacked jurisdiction. The motion alleged that defendant was subject solely to "common law jurisdiction," did not consent to being a member of the "Legislative Government," and that statutory rules, laws, policies, and regulations did not apply to him. The motion asserted that because defendant did not consent to the circuit court's jurisdiction, the court did not have jurisdiction over him.

¶ 6 The motion further alleged that there were no injured parties in the cases in which defendant entered guilty pleas, and that he was arrested by a police officer who did not witness him commit an offense and who lacked probable cause and an arrest warrant. According to the motion, the "arrest order" was void because defendant did not consent to his arrest. The motion therefore concluded that the circuit court lacked personal jurisdiction over defendant and that all 19 cases should be "reversed and dismissed."

¶ 7 On June 10, 2022, the circuit court held a hearing on the motion. Defendant was present and argued, relevant here, that because he did not consent to the circuit court "having jurisdiction over [his] body and soul," the court lacked jurisdiction. He further argued that there were no injured parties, and "command[ed] each case *** be dismissed" and that he be released from prison. He asserted, *inter alia*, that the arrest "order" was void and could be challenged at any time because he did not consent to be arrested, investigated, or questioned and did not admit to committing an offense. Defendant further argued that the grand jury's indictments and the trial court's sentencing orders were void.

¶ 8    Defendant then "moved" the court to "the common law side of the courtroom" and asked if the court objected. The court replied that the Illinois Constitution granted the circuit court general jurisdiction over all civil and criminal matters, including defendant's cases. Defendant responded that jurisdiction could be challenged "at any time." He reiterated that the police did not have probable cause to arrest him or an arrest warrant, and that he did not consent to be arrested. Defendant argued that he was "forced" to fire his attorney and enter guilty pleas because counsel "refused" to argue that his arrest was unlawful.

¶ 9    The court denied defendant's motion, finding that the circuit court had jurisdiction over defendant and that defendant did not cite any legal authority in support of his arguments.

¶ 10    On appeal, defendant contends that he has withdrawn from the "Legislative Government" and therefore, statutory laws, rules, regulations, and policies do not apply to him. Defendant argues that the grand jury indictments were void, the trial court's denial of his motion to withdraw the pleas was void, this court's order on direct appeal was void, and the circuit court's order denying his motion challenging the court's jurisdiction was void because he never consented to the court having jurisdiction over him. He repeatedly accuses the circuit judges who have heard his cases of the crime of treason.

¶ 11    Initially, our review of defendant's appeal is hindered by his failure to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which provides that an appellant's brief should contain a statement of "the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment," and an argument "which shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record

relied on." The brief contains no statement of facts, no citations to the record, and precious little case law. It is littered with conclusory allegations and grievances but no developed legal argument.

¶ 12    As a reviewing court, we are entitled to have issues clearly defined, along with pertinent authority and a cohesive legal argument. *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5. This court is "not a depository in which the burden of argument and research may be dumped." *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 80. A *pro se* litigant is held to the same standards as a litigant represented by an attorney. *Williams v. Department of Human Services Division of Rehabilitation Services*, 2019 IL App (1st) 181517, ¶ 30.

¶ 13    "Arguments that do not comply with Rule 341(h)(7) do not merit consideration on appeal and may be rejected by this court for that reason alone." *Wells Fargo Bank, N.A. v. Sanders*, 2015 IL App (1st) 141272, ¶ 43. Accordingly, to the extent that defendant's brief fails to comply with Supreme Court Rule 341(h)(7), his arguments are forfeited.

¶ 14    We would note, in all fairness, that we warned defendant of the perils of self-representation on appeal. We initially appointed the Office of State Appellate Defender to represent defendant on appeal, and he objected vociferously. We thus acceded to his wishes to proceed *pro se*. Even then, throughout some irregular motion practice, we again advised defendant that if he was "unable to comprehend the appellate process and wishes to have counsel appointed in this appeal, he should request that counsel be appointed" again. Defendant did not take us up on that invitation.

¶ 15    Considering the content of defendant's brief, it would be within our discretion to dismiss this appeal. See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005). But as it is clear that defendant challenges the circuit court's denial of his motion attacking the court's jurisdiction and we have

the benefit of a cogent appellee's brief, we choose to consider the discernible merits of the appeal. See *Twardowski v. Holiday Hospitality Franchising, Inc*., 321 Ill. App. 3d 509, 511 (2001).

¶ 16 Here, defendant claims his convictions and sentences are void because he did not consent to the circuit court's jurisdiction. It is certainly true that a party may attack a judgment as void *ab initio* at any time, even if he fails to bring the motion as a postconviction petition or a petition under section 2-1401 of the Code of Civil Procedure. See *In re N.G.*, 2018 IL 121939, ¶¶ 53-54; see also *id*. ¶ 57 ("[U]nder Illinois law, there is no fixed procedural mechanism or forum, nor is there any temporal limitation governing when a void *ab initio* challenge may be asserted."); *LVNV Funding v. Truce*, 2015 IL 116129, ¶ 38; *People v. Castleberry*, 2015 IL 116916, ¶ 11.

¶ 17 That said, a judgment is void only when it was entered by a court that lacked personal or subject-matter jurisdiction, or where it was based on a statute that is facially unconstitutional and *void ab initio*. *People v. Price*, 2016 IL 118613, ¶ 31. No such circumstance is present here.

¶ 18 The circuit court had subject-matter jurisdiction when defendant was charged with criminal offenses in 19 separate cases. Ill. Const. 1970, art. VI, § 9 ("Circuit Courts shall have original jurisdiction of all justiciable matters except when the Supreme Court has original and exclusive jurisdiction."); see also *Castleberry*, 2015 IL 116916, ¶¶ 15-17. Defendant does not claim that any of the statutes he was charged with violating are void *ab initio*. To the extent that defendant asserts that the statutes do not "apply" to him, because he did not consent to jurisdiction, he offers no citation to authority for this novel proposition, and we will not consider it further. *Vilardo v. Barrington Community School District 220*, 406 Ill. App. 3d 713, 720 (2010); Ill. S. Ct. R. 341(h) (eff. Oct. 1, 2020). In sum, there is no question that the circuit court possessed jurisdiction over the subject matter.

¶ 19    The court had personal jurisdiction as well. If nothing else, by appearing before the circuit court and pleading guilty in 19 cases, defendant submitted to the circuit court's jurisdiction. See *People v. Woodall*, 333 Ill. App. 3d 1146, 1156 (2002) (defendant "confers personal jurisdiction upon the trial court when he appears and joins the issues with a plea").

¶ 20    On appeal, defendant raises the additional argument, relying on *People v. Bass*, 2019 IL App (1st) 160640, *aff'd in part, vacated in part*, 2021 IL 125434, that arrests pursuant to an investigative alert are unconstitutional. There are at least two problems with this argument. The first, as the State notes, is that, by raising this claim for the first time on appeal, defendant has not established the factual predicate that he was arrested pursuant to an investigative alert.

¶ 21    The far bigger problem is that, by pleading guilty to those offenses, defendant waived all non-jurisdictional errors, " 'including constitutional ones.' " *People v. Sophanavong*, 2020 IL 124337, ¶ 33 (quoting *People v. Townsell*, 209 Ill. 2d 543, 545 (2004)). So even if his arrest was constitutionally invalid—an assumption we make purely for the sake of argument—defendant waived that constitutional objection when he pleaded guilty. " 'When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.' " *People v. Smith*, 383 Ill. App. 3d 1078, 1085 (2008) (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

¶ 22    There being no other salient arguments we can discern from defendant's brief, we find no basis to upset the trial court's judgment. We thus affirm it in all respects.

¶ 23    Affirmed.