2023 IL App (1st) 221655-U
Order filed: March 30, 2023

FIRST DISTRICT
FOURTH DIVISION

No. 1-22-1655

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| 2242 ARCHER COURT, LLC; | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 M1 707167 |
| | ) | |
| TISHI ROBERTS and Unknown Occupants, | ) | Honorable |
| | ) | Perla Tirado, |
| Defendants, | ) | Judge, presiding. |
| | ) | |
| (Tishi Roberts, | ) | |
| | ) | |
| Defendant-Appellant). | ) | |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Justices Hoffman and Martin concurred in the judgment.

**ORDER**

¶ 1     *Held*:  We dismissed as moot defendant's appeal from the portion of the order granting plaintiff possession of the unit. We dismissed defendant's appeal from the award of damages because she failed to present an adequate and proper record on appeal and otherwise failed to comply with the requirements of Rule 341 as to the contents of her appellant's brief.

¶ 2     On September 29, 2022, the circuit court entered a default eviction order which granted plaintiff-appellee, 2242 Archer Courts, LLC, possession of the property located at 2242 South Princeton Avenue, Unit 106, Chicago, Illinois 60616 (unit) and a money judgment totaling

$13,074.41 in past due rent and costs against defendant-appellant, Tishi Roberts, and unknown owners. Defendant was ordered to vacate the unit by October 6, 2022. Defendant did not comply with the direction to vacate the unit and she was evicted by the sheriff's enforcement of the eviction order. Defendant has appealed *pro se* from the eviction order. For the following reasons, we dismiss the appeal.

¶ 3    Defendant's notice of appeal stated that her appeal was from the eviction order and incorrectly described the appeal as being interlocutory in nature. The notice stated that defendant was seeking to vacate the eviction order and "no jurisdiction." Additionally, defendant filed a supporting record under Illinois Supreme Court Rule 328 (eff. July 1, 2017), but not a record on appeal under Illinois Supreme Court Rule 321 (eff. Oct. 1, 2021) as is required for appeals from final orders.

¶ 4    Defendant subsequently filed an opening brief which claimed that the trial court erred in "finalizing [an] order when they had no jurisdiction" and "did not allow me to speak during zoom court hearings." She asked that the eviction order be vacated. Defendant used the approved standardized court brief form in drafting her brief. The brief did not include a proper statement of facts with references to the record. Nor did it contain a coherent argument with citation to authority to support her positions that the circuit court lacked jurisdiction, that she was improperly denied an opportunity to participate in a hearing, or that the eviction order should be vacated.

¶ 5    Defendant also filed motions to vacate or stay the eviction order. In an order denying the motions, another division of this court found that because the eviction order had been executed, the issue of possession was moot and "this court is without jurisdiction to undo an eviction that has already taken place."

¶ 6    Plaintiff brought a motion to dismiss the appeal on the grounds that defendant had not filed a proper record and that the appeal was moot. With that motion, plaintiff filed a supporting record which contains the eviction order and evidence that on November 21, 2022, the Cook County Sheriff's Office enforced the eviction order. Defendant did not file a response to the motion. The division of this court which had heard defendant's motions to vacate or stay the eviction order entered an order taking plaintiff's motion to dismiss with the case.

¶ 7    In its appellee's brief, plaintiff argues that defendant's appellant's brief should be stricken as "woefully deficient." Plaintiff also argues that we should dismiss defendant's appeal because she has not provided us with a sufficient record to review her claims of error and because the appeal is moot as plaintiff has regained possession of the unit. Defendant did not file a reply brief and has not otherwise responded to plaintiff's arguments in support of its requests to strike her brief and dismiss her appeal.

¶ 8    First we review the adequacy of the record on appeal. Defendant, as the appellant, has the burden to present an adequate record of the trial proceedings which would allow this court to determine whether the eviction order was entered in error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). Defendant, apparently believing she was pursuing an interlocutory appeal under Illinois Supreme Court Rule 307 (eff. Nov. 1, 2017), filed a supporting record with this court. Illinois Supreme Court Rule 328 (eff. July 1, 2017) governs the filing of a supporting record and provides that it should contain "enough of the trial court record to show an appealable order or judgment, a timely filed and served notice of appeal ***, and any other matter necessary to the application made." Even if the filing of a supporting record was proper under the circumstances here, it does not contain the pleadings, service of process information, the eviction order, or the notice of appeal. Additionally, defendant has not provided a transcript of the proceedings which

were held on September 29, 2022, when the eviction order was entered or a proper substitute for the transcript under Illinois Supreme Court Rule 323 (eff. July 1, 2017). Instead, the supporting record contains information or documents which have no known relevance to this appeal and appear not to have been filed below in this case.

¶ 9      As a result, we are without a record of the basis for the eviction order, the grounds for entering the relief and the evidence or arguments presented to the circuit court when it made its decision to enter the default eviction order which awarded possession and damages to plaintiff. There is no record to assess defendant's discernible claims that the circuit court lacked jurisdiction and she was prevented from participating in any hearing. We have reason to either affirm the eviction order or dismiss the appeal for defendant's failure to file a proper and sufficient record on appeal. See *Graves v. Cook County Republican Party*, 2020 IL App (1st) 181516, ¶ 39.

¶ 10     Next, we consider the adequacy of defendant's appellant's brief, which was required to comply with the provisions of Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). Where a brief fails to substantially conform to Rule 341 and frustrates our understanding and review of the appeal, we may strike the brief and dismiss the appeal. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 77.

¶ 11     Plaintiff has provided a list of various deficiencies in defendant's brief. We find most compelling its contentions that the brief contains no statement of facts or coherent argument with reference to a record.

¶ 12     Rule 341(h)(6) requires the appellant to include a statement of facts, "which shall contain the facts necessary to an understanding of the case *** and with appropriate reference to the

pages of the record on appeal ***." Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020). Additionally, Rule 341(h)(7) states that the appellant's brief "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). This court "is entitled to have briefs submitted that are articulate, organized and present a cohesive legal argument in conformity with supreme court rules." *Schwartz v. Great Central Insurance Co.*, 188 Ill. App. 3d 264, 268 (1989).

¶ 13    Defendant did fill in the section of the standard form brief titled statement of facts. In that section, however, defendant did not provide a recitation of the procedural history or facts necessary to an understanding of the case and she made no references to the record. Rather, defendant provides largely irrelevant information in violation of Rule 341.

¶ 14    Finally, before considering whether to dismiss the appeal on the inadequacies of the record and the appellant's brief, we must consider plaintiff's contention that this appeal is moot. "An appeal is moot if no actual controversy exists or when events have occurred that make it impossible for the reviewing court to render effectual relief." *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10. "The existence of an actual controversy is an essential requisite to appellate jurisdiction, and courts of review will generally not decide abstract, hypothetical, or moot questions." *In re Marriage of Nienhouse*, 355 Ill. App. 3d 146, 149 ( 2004). Whether a case is moot is an issue we review *de novo*. *Benz v. Department of Children and Family Services*, 2015 IL App (1st) 130414, ¶ 31.

¶ 15    The purpose of an eviction claim is to determine "which party is entitled to immediate possession and whether a defense which is germane to the distinctive purpose of the action defeats plaintiff's asserted right to possession." *First Illinois Bank & Trust v. Galuska*, 255 Ill. App. 3d 86, 90 (1993). The eviction order granted plaintiff possession of the unit and required defendant

to relinquish possession by October 6, 2022. Defendant failed to comply with the directive of the circuit court to vacate the unit but filed her notice of appeal on October 31, 2022. On November 21, 2022, the sheriff enforced the eviction order and defendant was removed from the unit and plaintiff regained possession. Therefore, defendant's appeal from that part of the eviction order which granted possession to plaintiff is moot. See *Circle Management LLC v. Oliver*, 378 Ill App 3d 601, 607 (2007) (holding that the appeal of a forcible entry and detainer action was moot where the trial court had entered a possession order and the appellant had moved out but applying the public interest exception to the mootness doctrine); see also *Georgakopoulos v. Blake[1]*, 2022 IL App (1st) 210668-U, ¶¶ 26-27 (citing *Circle Management LLC* in finding that the issue of possession of the premises was moot because defendants already had been evicted from the premises). Because defendant never responded to the motion to dismiss the appeal or plaintiff's arguments in its brief that the appeal is moot, she has forfeited any challenges to the application of the mootness doctrine or any claim that an exception to the mootness doctrine exists as to the possession order. *Department of Central Management Services/Department of State Police v. Illinois Labor Relations Board*, 2012 IL App (4th) 110356, ¶ 26. We therefore find that the appeal from that portion of the eviction order is moot.

¶ 16    However, the eviction order also included a money judgment against defendant for unpaid rent and costs which was not rendered moot by the enforcement of the eviction order. As we have discussed, defendant has not presented this court with an adequate record on appeal or a brief in compliance with Rule 341. These failures frustrate our review of the damages award and for these reasons we also dismiss the appeal as to the damages award of back rent and costs against

---

[1] Rule 23(e) states that "a nonprecedential order entered under subpart (b) of this rule on or after January 1, 2021, may be cited for persuasive purposes." Ill. S. Ct. R. 23(e) (eff. Feb. 1, 2023).

defendant as set forth in the eviction order.

¶ 17　　For the reasons stated, we dismiss defendant's appeal from that portion of the order granting plaintiff possession of the unit as moot. We dismiss the appeal from the award of damages because defendant did not provide a proper record sufficient to review her claims of error, and her appellant's brief failed to comply with Rule 341.

¶ 18　　Dismissed.