2023 IL App (1st) 221535-U

No. 1-22-1535

Order filed August 9, 2023

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| RENAISSANCE CENTER, LP D/B/A HERITAGE WOODS OF CHICAGO, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 22 M1704848 |
| ROSELLA ELLIS and UNKNOWN OCCUPANTS, | ) ) ) | |
| Defendants. | ) ) | Honorable Kerrie Maloney Laytin, |
| (Rosella Ellis, Defendant-Appellant). | ) | Judge, presiding. |

JUSTICE R. VAN TINE delivered the judgment of the court.
Presiding Justice McBride and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We dismiss as moot defendant's appeal from the portion of an eviction order granting plaintiff possession of a unit in a supportive living facility. We also dismiss the appeal from the damages portion of the eviction order for defendant's failure to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020) and to provide a record sufficient for our review of the issues presented. On that same basis, we dismiss defendant's challenge to this court's denial of her request to consolidate appeals.

¶ 2    Following a bench trial, the trial court entered an eviction order against defendant Rosella Ellis granting plaintiff Renaissance Center, LP d/b/a Heritage Woods of Chicago possession of Unit No. 1-231 at Heritage Woods of Chicago, located at 2800 West Fulton Street, in Chicago, (unit) and a money judgment for past due rent in the amount of $13,724.16. Defendant appeals *pro se* from the trial court's eviction order, arguing that the court failed to "render" a fair and impartial trial. She also argues this court improperly denied her motion to consolidate the instant appeal with another appeal she filed. For the following reasons, we dismiss the appeal.

¶ 3    As an initial matter, we note that the record on appeal lacks reports of proceedings and consists only of the common law record. Although the trial court's orders demonstrate the court held multiple hearings, defendant has not provided transcripts of those proceedings. The following information is gleaned from the common law record.

¶ 4    On October 7, 2019, defendant entered into a Residential Lease Agreement ("Lease") with plaintiff for the unit. Heritage Woods of Chicago was certified as a supportive living facility by the Department of Healthcare and Family Services ("Department") under the Department's Supportive Living Program. The initial lease period was for one year, commencing on September 30, 2020, and subject to automatic renewal on a year-to-year basis unless the lease terminated. On September 22, 2020, the parties recertified the lease for an additional year, through September 30, 2021.

¶ 5    From November of 2019 until July of 2021, plaintiff sent defendant multiple requests for payment of past due amounts on the account. On April 20, 2020, plaintiff issued defendant a notice of involuntary discharge from the facility based on a lease violation for failure to pay rent, which

totaled an outstanding amount of $1052.16. Defendant appealed her discharge from the facility with the Department, and the Department dismissed the appeal for failure to appear.

¶ 6     On March 23, 2022, plaintiff issued defendant a notice of termination for non-payment of rent. The notice indicated that defendant owed $10,616.16 in rent and gave her five days to pay the full amount. On April 1, 2022, plaintiff filed an eviction complaint, naming defendant and unknown occupants, seeking possession of the unit and a monetary judgment for past due rent totaling $10,616.16, plus rent through the judgment date and any allowable attorney fees.

¶ 7     On May 3, 2022, defendant filed a motion to dismiss, which the trial court denied.

¶ 8     Following a bench trial on August 3, 2022, the court reserved its ruling, permitted the parties to submit posttrial briefs, and set the matter for a hearing. Specifically, the court permitted posttrial briefs addressing (1) the requirements of a supportive living facility to issue a notice of involuntary discharge prior to seeking eviction; (2) the effect on eviction proceedings of a supportive living facility entering into a lease renewal after the resolution of involuntary discharge proceedings; and (3) the relevance of involuntary discharge proceedings to the pursuit of eviction proceedings. In its order, the court stated it heard evidence and argument during the hearing.

¶ 9     On September 23, 2022, the court entered an eviction order "[a]fter contested hearing or trial," directing defendant to vacate the unit on or before October 21, 2022, by 11:59 p.m. and entering a monetary judgment against her in the amount of $13,724.16 for unpaid rent.

¶ 10    On September 28, 2022, defendant filed a timely notice of appeal, followed by a timely amended notice of appeal on October 3, 2022, correcting the trial court number.[1]

---

[1] The initial notice of appeal stated the trial court number as 21 M1704848. The amended notice of appeal timely corrected that number to 22 M1704848. Defendant attached a copy of the amended notice of appeal to her brief. But this court's records do not reflect that the circuit court transmitted the amended

¶ 11 On November 29, 2022, she filed a motion requesting this court to "consolidate cases 22M111704848 and 2020M1101694." Interpreting defendant's motion as a request to consolidate the instant appeal (circuit court case number 22M111704848) with defendant's appeal number 1-22-0486 (circuit court case number 2020M1101694), this court denied the motion on the grounds that appeal 1-22-0486 was a closed case. See *Renaissance Center, LP v. Ellis*, 1-22-1535 (Dec. 5, 2022) (disposition order).

¶ 12 On appeal, defendant identifies the issues as "[w]hy did the trial court fail to require an order of possession against defendant" and "[w]hy did Appellate Court fail to consolidate cases 22-0486 and 22-1535." She states she should be granted a retrial because the "[l]ower court failed to render a fair and impartial trial." Plaintiff responds that defendant's appeal should be dismissed for mootness, as she has already vacated the unit without requiring the enforcement of the eviction order. Plaintiff also argues that defendant raised no cognizable claim that the trial court erred in entering the monetary judgment for past due rent. Defendant did not file a reply brief or otherwise respond to plaintiff's arguments in support of its request to dismiss her appeal.

¶ 13 As stated, the record on appeal does not include a report of proceedings of the bench trial or the hearing when the eviction order was entered or a proper substitute for the transcripts under Illinois Supreme Court Rule 323 (eff. July 1, 2017). Defendant, as appellant, bears the burden of presenting a sufficient record so that this court may determine whether there was the error she claims. *Maniscalco v. Porte Brown*, 2018 IL App (1st) 180716, ¶ 30. Defendant's failure to

---

notice of appeal to this court. Nevertheless, notwithstanding the clerical error in the trial court number on the notice of appeal we did receive, it is clear from the notice which judgment defendant appeals. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶¶ 42-43 (notices of appeal are liberally construed, and a clerical error in a notice of appeal does not render the notice defective).

provide this court with a sufficient record must be construed against her. *Id.* Where the record is incomplete on appeal, this court must presume that the trial court's order was in conformity with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984).

¶ 14    Here, the trial court's orders reflect that it held contested hearings at which it heard evidence and argument. However, because defendant has provided no reports of those proceedings, we are without a record of the basis for the court's eviction and damages order, *i.e.*, the evidence and arguments the court considered in awarding possession and damages to plaintiff. Given defendant's failure to provide a proper and sufficient record on appeal for this court's review, we may dismiss the appeal or, alternatively, summarily affirm the trial court's judgment. *Graves v. Cook County Republican Party*, 2020 IL App (1st) 181516, ¶ 39.

¶ 15    In a similar vein, defendant has failed to submit a brief adequate for our review of the issues presented. Defendant did not submit her brief using the approved standardized court brief form in drafting her appellant brief. Rather, the content of her brief consists of four handwritten pages and an additional handwritten page dedicated to the case caption. We agree with plaintiff that defendant's brief is "woefully insufficient" and fails to comply with the requirements of Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020), which governs the form and content of appellate briefs. Supreme court rules are not mere suggestions and compliance with the rules is mandatory. *North Community Bank v. 17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 14. This court will not be more lenient with *pro se* litigants, who must still comply with all the same rules of procedure as other litigants. *Gillard*, 2019 IL App (1st) 182348, ¶ 45.

¶ 16    Among the many deficiencies in her brief, defendant's argument section, in its entirety, consists of a single sentence stating the following: "Lower courts [*sic*] failure to render a fair and

impartial trial to defendant should result in a retrial." Defendant provides neither reasons supporting her claim nor citation to authorities or pages of the record relied upon as required under Rule 341(h)(7). See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). In violation of Rule 341(h)(6), defendant fails to include a proper statement of facts with citations to the record, and instead writes two sentences in the section labeled "Statement of Fact," maintaining that the trial court failed to "render a fair and impartial trial" and that she appeals to this court "as a matter of right." See Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020) (the facts "shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal"). When a party fails to comply with procedural rules, we may strike the brief and dismiss the appeal at our discretion. *Gillard*, 2019 IL App (1st) 182348, ¶ 45.

¶ 17 However, before considering whether the inadequacy of the record on appeal and defendant's brief warrants dismissal of the appeal, we must consider plaintiff's claim that the appeal is moot.

¶ 18 Appellate jurisdiction requires a live controversy. See *Baker v. Forest Preserve District of Cook County*, 2015 IL App (1st) 141157, ¶ 35 ("The existence of an actual controversy is an essential requisite to appellate jurisdiction."). "An appeal is moot if no actual controversy exists or when events have occurred that make it impossible for the reviewing court to render effectual relief." *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 2016 IL 118129, ¶ 10. Reviewing courts in Illinois do not consider moot issues, render advisory opinions, or consider issues where the outcome does not change the result. *Id.* The question of whether a case is moot is

a matter of law that we review *de novo*. *Maday v. Township High School District 211*, 2018 IL App (1st) 180294, ¶ 44.

¶ 19    The purpose of an eviction claim is to determine which party is entitled to possession and whether a relevant defense to the action defeats the plaintiff's asserted right to possession. *Milton v. Therra¸* 2018 IL App (1st) 171392, ¶ 23. "After a trial, if the court finds, by a preponderance of the evidence, that the allegations in the complaint have been proven, the court shall enter an eviction order in favor of the plaintiff." 735 ILCS 5/9-109.5 (West 2022).

¶ 20    Here, plaintiff represents that defendant has already vacated the unit. Where a defendant vacates the property in question in an eviction matter, the issue of possession becomes moot. See *Circle Management LLC v. Oliver*, 378 Ill. App. 3d 601, 607 (2007) (finding that the appeal of a forcible entry detainer action was moot where the trial court had entered a possession order and the appellant had moved but applying the public interest exception to the mootness doctrine); *Poulos v. Reda*, 165 Ill. App. 3d 793, 798 (1987) (the issue of possession was moot where the lease had expired by its own terms and defendant could not be placed in possession).

¶ 21    Throughout the trial court proceedings, defendant's filings listed her address as the Fulton Street unit that is the subject of this appeal. She similarly used that address in her notices of appeal. However, as plaintiff notes, the address on defendant's brief reflects a different address. Similarly, defendant's motion to consolidate filed in this court also reflects an address different from that of the unit at issue here. These findings support plaintiff's representation that defendant has vacated

the unit, and this court therefore cannot grant any effective relief on the issue of possession. *2242 Archer Court LLC v. Roberts*, 2023 IL App (1st) 221655-U, ¶ 15 (compiling cases).[2]

¶ 22    Moreover, defendant never responded to plaintiff's argument that the appeal is moot or argued that an exception to the mootness doctrine applies. She has therefore forfeited any such challenge to application of the mootness doctrine. *Department of Central Management Services/Department of State Police v. Illinois Labor Relations Board*, 2012 IL App (4th) 110356, ¶ 26; see also Ill. S. Ct. R. 341(h)(7), (j) (eff. Oct. 1, 2020) ("Points not argued are forfeited and shall not be raised in the reply brief" except the reply brief should respond to arguments raised in the appellee's brief.). Accordingly, we find that defendant's appeal from the possession portion of the eviction order is moot. *2242 Archer Court LLC*, 2023 IL App (1st) 221655-U, ¶ 15.

¶ 23    Although defendant's appeal from the eviction order granting possession of the unit is moot, the monetary judgment for past due rent awarded in the same order still stands. See *Reda*, 165 Ill. App. 3d at 798 (claim of rent remained viable even where the issue of possession was moot); *100 W. Monroe Partnership v. Carlson*, 319 Ill. App. 3d 761, 768 (2001) (where plaintiff regained possession of two out of three properties in dispute, the court found that defendant was still liable for past due rent on the two repossessed properties).

¶ 24    However, as discussed, in violation of Rule 341(h)(7), defendant's brief fails to develop any argument supporting her claims of error. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). In fact, she does not mention the monetary judgment in her brief. Defendant therefore has forfeited review of the monetary judgment. See *In re Detention of Lieberman*, 379 Ill. App. 3d 585, 610 (2007) ("An

---

[2] This unpublished order is cited as persuasive authority under Illinois Supreme Court Rule 23(e). Ill. S. Ct. R. 23(e) (eff. Feb. 1, 2023) ("a nonprecedential order entered under subpart (b) of this rule on or after January 1, 2021, may be cited for persuasive purposes").

issue not clearly defined and sufficiently presented fails to satisfy the requirements of Supreme Court Rule 341(h)(7) and is, therefore, waived."). Defendant's failure to provide this court with reports of the trial court proceedings further frustrates our review of the damages award. Accordingly, we also dismiss the appeal as to the damages award of overdue rent and costs set forth in the eviction order. See *2242 Archer Court LLC*, 2023 IL App (1st) 221655-U, ¶ 15.

¶ 25 Lastly, defendant requests that this court revisit our denial of her motion to consolidate this appeal with another appeal. However, she failed to develop any argument in her brief as to this issue or specify the authority under which we may consider this contention in violation of Rules 341(h)(4) and (7). Ill. S. Ct. R. 341(h)(4), (7) (eff. Oct. 1, 2020). She therefore has forfeited review of this claim as well (*In re Detention of Lieberman*, 379 Ill. App. 3d at 610) and we dismiss the appeal regarding the claim.

¶ 26 For the aforementioned reasons, defendant's appeal is dismissed.

¶ 27 Dismissed.