2023 IL App (1st) 221923-U

FOURTH DIVISION
Order filed December 21, 2023

No. 1-22-1923

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CHARLES SPREITZER, | ) | Appeal from the |
| | ) | Circuit Court of Cook |
| Plaintiff-Appellee, | ) | County. |
| | ) | |
| v. | ) | No. 22M1703429 |
| | ) | |
| JULIANA PAYNE, and | ) | |
| ALL UNKNOWN OCCUPANTS, | ) | |
| | ) | |
| Defendants | ) | Honorable |
| | ) | Kerrie Maloney Laytin, |
| (Juliana Payne, Defendant-Appellant). | ) | Judge, presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Ocasio III concurred in the judgment.

**ORDER**

¶ 1 *Held*: In this joint-action for possession of leased premises and a claim for unpaid rent, we dismissed the defendant's appeal from the circuit court's order of possession as moot and affirm the judgment in favor of the plaintiff for $10,175 plus costs, finding that the defendant has forfeited any claim of error.

¶ 2 The defendant, Juliana Payne, appeals, *pro se*, from an order of the circuit court granting possession of the premises commonly known as 1903 S. Allport Street, Unit 3R, Chicago, Illinois (the Premises) to the plaintiff, Charles Spreitzer, and a $10,175 judgment against her for unpaid rent plus costs. For the reasons that follow, we dismiss the defendant's appeal from the order of possession and affirm the $10,175 judgment for unpaid rent plus costs.

¶ 3 On March 8, 2022, the plaintiff filed a complaint alleging that he was entitled to possession of the Premises and unpaid rents totaling $1850. Attached to the complaint was copy of a lease executed in October 2020. The lease was for a period from April 1, 2020, through March 31, 2021, and further provided that "[i]n the event that Tenant retains possession of the Apartment after the Ending Date of this Lease, then a new month to month tenancy shall be created under the same terms and conditions of this Lease." Also attached to the complaint was a copy of a document entitled "Landlord's Five Day Notice" (the Notice). The Notice stated, in part, that if the defendant failed to pay the rent due in full the lease would be terminated. The Notice also included an affidavit from Nicholas Bondi averring that on February 16, 2022, he served a copy of the notice on the defendant.

¶ 4 On April 25, 2022, the defendant filed an appearance, *pro* se. On August 26, 2022, an attorney filed an appearance on behalf of the defendant along with an answer to the complaint; an affirmative defense, stating that the defendant was never served with the Notice; and a counterclaim for source of income discrimination.

¶ 5 On November 1, 2022, the circuit court dismissed the defendant's counterclaim, The defendant has raised no issue on appeal as to the propriety of that order.

¶ 6 On December 16, 2022, the trial court conducted a hearing on the plaintiff's complaint. Following that hearing, the trial court entered an order of possession of the Premises in favor of the

plaintiff, with eviction of the defendant stayed until December 30, 2022, and $10,175 judgment against the defendant for past due rents plus costs. This appeal followed.

¶ 7     On appeal, the defendant argues that the trial court erred in entering its order for possession of the Premises because the required five-day notice was not served on her in accordance with statutory requirements where the notice was taped to her front door instead of being delivered personally.  In his brief, the plaintiff argues, *inter alia,* that any claim of error addressed to the order of possession is moot.  We agree.

¶ 8     An issue is moot where events occur which make it impossible for the appellate court to grant effectual relief. *Sharma v. Zollar*, 265 Ill. App. 3d 1022, 1027 (1994). As a general rule, we will not decide moot issues. See *In re Alfred H.H.*, 233 Ill. 2d 345, 351 (2009). Forcible entry and detainer actions are limited and distinct proceedings that determine who is entitled to immediate possession of real property. *Wells Fargo Bank, N.A. v. Watson*, 2012 IL App (3d) 110930, ¶ 14. When a court can no longer order that the defendant be restored to possession of real property, the issue becomes moot. *2242 Archer Court, LLC v. Roberts,* 2023 IL App (1st) 221655-U, ¶ 15.  There are three exceptions to the mootness doctrine: (1) the public-interest exception; (2) the capable-of-repetition exception; and (3) the collateral-consequences exception. See *In re Rob W.*, 2021 IL App (1st) 200149, ¶ 50. The defendant, however, did not file a reply brief and does not address mootness or argue for the application of any exception to mootness in her opening or supplemental brief. Accordingly, any argument that an exception to the mootness doctrine applies has been forfeited. See Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020); *Vancura v. Katris*, 238 Ill. 2d 352, 369 (2010).

¶ 9      Here, the plaintiff argues that the defendant relinquished any right of possession because she vacated the premises. He asserts that the defendant vacated the Premises after January 30, 2023, and before the sheriff could evict her. The defendant filed no reply brief and has not disputed the assertion that she vacated the Premises. We agree that it is now impossible to restore the defendant to possession of the apartment and any issue as to the propriety of the order of possession the issue is moot. *2242 Archer Court, LLC,* 2023 IL App (1st) 221655-U, ¶ 15.

¶ 10      In her brief, the defendant makes no argument challenging the amount of the $10,175 judgment entered against her for unpaid rent. As a consequence, she forfeited any claim of error addressed to the $10,175 judgment. See Ill. Sup. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("[p]oints not argued are forfeited").

¶ 11      Based on the foregoing analysis, we dismiss as moot the defendant's appeal of the order of possession and affirm the judgment for unpaid rent.

¶ 12      Affirmed in part and dismissed in part.